# Commonwealth v. Tompkins, Appellant.

*Criminal law—Murder—Degrees—Murder of second degree—Presumption—Burden of proof—Insanity—Charge of court.*

1. On the trial of an indictment charging felonious homicide, the presumption is that the offense of the accused is no higher than murder of the second degree, and the burden is always on the Commonwealth to rebut this presumption by proof, establishing, to the satisfaction of the jury, that the crime is of the first degree. This burden never shifts, but continues to rest upon the Commonwealth throughout the entire trial, and the accused is not called upon to rebut a presumption of a degree of guilt which does not exist.

2. Where insanity is set up as a defense, and the court correctly charges the jury that if they find from a fair preponderance of the evidence that the prisoner had not consciously committed the crime charged against him, he should be acquitted on the ground of insanity, it is reversible error for the court to further charge that, if the prisoner was sane at the time of the commission of the offense, the law presumes it to be murder of the first degree and that the jury should so find.

3. In such case, the court, having charged that under the indictment a verdict of murder of the first degree, murder of the second degree, or voluntary manslaughter could be found and sustained, almost instantly added: "We have to deal in this case only with the offense of murder of the first degree." Immediately after this the jury was told that if the prisoner's insanity had not been

established, "there is no evidence that we can discover that would diminish the offense from that of murder of the first degree." *Held,* that no matter what the testimony may have shown, and no matter what counsel for the prisoner may have admitted in addressing the jury, before whom they could waive no right of their client, such utterances by the court were erroneous, since they must have been understood by the jury as taking from them, to whom the law had exclusively committed it, the question of the degree of the guilt of the accused.

Argued April 19, 1920. Appeal, No. 84, Oct. T., 1920, by defendant, from judgment of O. C. Cambria Co., Sept. T., 1917, No. 7, on verdict of guilty of murder of the first degree, in case of Commonwealth v. George Tompkins. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Indictment for murder. Before O'CONNOR, P. J.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were, among others, (2) (3) portions of charge quoted in part in opinion of Supreme Court.

*John H. McCann,* with him *Evans & Evans,* for appellant.—The trial judge erred in his charge to the jury wherein he shifted the burden of proof from the Commonwealth to defendant: Com. v. Greene, 227 Pa. 86; Turner v. Com., 86 Pa. 54; Com. v. Molten, 230 Pa. 399; Com. v. Havrilla, 38 Pa. Superior Ct. 292.

*D. P. Weimer,* for appellee, cited: Com. v. Gibson, 211 Pa. 546; Com. v. Echerd, 174 Pa. 137; Com. v. Zec, 262 Pa. 251; McClain v. Com., 110 Pa. 263; Com. v. Cunningham, 232 Pa. 609; Com. v. Orr, 138 Pa. 276; Com. v. McGowan, 189 Pa. 641.

OPINION BY MR. CHIEF JUSTICE BROWN, May 26, 1920:

The appellant was found guilty of murder of the first degree, and judgment of death followed. The sole and

unavailing defense made for him on his trial was insanity, and the jury were correctly instructed that, if they found, from a fair preponderance of the testimony offered in support of it, that the prisoner had not consciously committed the crime charged against him, he should be acquitted on the ground of insanity; but, under a misconception of the law, they were, in effect, instructed that, if he was sane at the time of the commission of the offense, the law presumed it to be murder of the first degree, and they should so find.

We are again called upon to repeat, strange as it may seem, that on the trial of an indictment charging felonious homicide, the law's presumption is that the offense of the accused is no higher than murder of the second degree, and the burden is always upon the Commonwealth to rebut that presumption by proof, establishing to the satisfaction of the jury, that the crime is of the first degree. This burden never shifts, but continues to rest upon the Commonwealth throughout the entire trial, and the accused is not called upon to rebut the presumption of a degree of guilt which does not exist: Com. v. Drum, 58 Pa. 9; Murray v. Com., 79 Pa. 311; Com. v. Mika, 171 Pa. 273. There is not a line in the entire charge indicating to the jury that, though the prisoner's guilt had been established, the presumption of the law was that it did not rise higher than murder of the second degree. On the contrary, the only conclusion the jury could have reached, under the instructions given them, was that the law presumed it to be murder of the first degree. This most clearly appears from those portions of the charge complained of by the first and third assignments of error. After defining the different degrees of homicide and announcing in a general way to the jury that "in an indictment such as that before us, and which you will have in charge, a verdict for murder of the first degree, murder of the second degree, or voluntary manslaughter could be found and could be sustained," the trial judge almost instantly added, "We

have to deal in this case only with the offense of murder of the first degree." Immediately after this utterance the jury were told that, if the prisoner's insanity had not been established, "There is no evidence that we can discover that would lessen, that would diminish, the offense from that of murder of the first degree." No matter what the testimony may have shown, and no matter what counsel for the prisoner may have admitted in addressing the jury, before whom they could waive no right of their client, on trial for his life, these utterances must have been understood by the jury as taking from them, to whom the law had exclusively committed it, the question of the degree of the guilt of the accused. They were, in effect, instructed, as just stated, that his offense was presumed by the law to be murder of the first degree, and that he had not rebutted that presumption. For this error the judgment must be reversed, and the prisoner must be tried a third time before another jury, when it is to be hoped error will not be committed. For palpable error committed on his first trial the verdict was set aside: Com. v. Tompkins, 265 Pa. 97.

In Com. v. Greene, 227 Pa. 86, the only one of the numerous assignments of error sustained complained of the following from the charge of the court: "The law holds that if a man uses a deadly weapon upon the vital part of another person, it is a presumption that he intended the consequences that would follow from, as, for illustration, from his pulling the trigger and sending a bullet crashing into the brain of some human being; that is, that he intended to kill, and if he so does, it is on him to answer to the jury aught that he may have in extenuation or qualification to relieve himself from that presumption of murder of the first degree." What was said, in holding that this was error, is here controlling, and we now repeat it: "The only inference to be drawn by the jury from this instruction was that if they found the prisoner had shot the deceased, the burden was upon him to relieve himself from the law's

presumption that his offense was murder of the first degree. He offered no testimony and was not required to offer any to rebut a presumption that, if guilty, his guilt was murder of the first degree. The law's humane presumption was that his offense rose no higher than murder of the second degree, and he was safe from conviction of the first degree until the Commonwealth had overcome the presumption of second degree by affirmatively showing the existence of every ingredient and element of the first degree. From this burden the Commonwealth is never relieved. Whenever it asks for conviction of murder of the first degree it must overcome the presumption of second degree after having established a felonious homicide, even if committed by the use of a deadly weapon upon a vital part of the body of the deceased......In the present case it was the statutory duty of the jury, upon finding that the prisoner was guilty of felonious homicide, to fix the degree of his guilt. Indeed, it may be fairly said that, under the evidence, the real question for their determination was the degree. The law presumed that it rose no higher than the second, but by the court's instruction, complained of in the twenty-seventh assignment, the jury were unmistakably told that the law's presumption was that he was guilty of murder of the first degree and that it was for him to answer aught that he might have to say to relieve himself from that presumption. He answered naught and was not called upon to say anything to rebut such a presumption, for it did not arise from the mere killing of his victim, even though he killed her with a deadly weapon directed at a vital part of her body."

Nothing is to be found in the charge relieving it from the error disclosed by the first and third assignments, and they are, therefore, sustained.

Judgment reversed and a venire facias de novo awarded.

See Com. v. Berkenbush, above, p. 455.