## Commonwealth ex rel. Condello v. Ingham

*Michael A. Barletta*, for petitioner.

*Leroy K. Donaldson*, district attorney, and *Errol Fullerton*, assistant district attorney, for Commonwealth.

LAMOREE, J., October 4, 1945.—This matter is before the court on a writ of habeas corpus wherein petitioner, Antonio Condello, seeks to be released from the Lawrence County jail on bail.

Petitioner was committed to the Lawrence County jail by Justice of the Peace J. E. Van Gorder, after a preliminary hearing on the charge of murder.

A hearing on the writ was held in open court on September 20, 1945, before W. Walter Braham, P. J., and John G. Lamoree, J. On September 27, 1945, arguments were heard in open court before W. Walter Braham, P. J.; William B. Purvis, P. J. (fiftieth judicial district, specially presiding) and John G. Lamoree, J.

Counsel for petitioner contends petitioner is entitled to bail as provided for in Article 1, sec. 14, of the Constitution, which states:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great . . ."

Petitioner maintains that under the presumption that all murder shall be deemed to be murder in the second degree until the Commonwealth proves it to be murder of the first degree, petitioner is entitled to bail for the reason that the Commonwealth's evidence failed to establish a case of murder in the first degree.

The Commonwealth contends that its evidence produced at the hearing was such as would warrant a court in sustaining a verdict of murder in the first degree and bail ought accordingly be refused.

For reasons readily obvious, we refrain from comment or discussion of the evidence.

While the present proceeding is not without precedent, yet the authorities thereon are not numerous. We find the following principle, which we deem pertinent, in Commonwealth v. Lemley, 2 Pitts., 362, 368:

"Some difference of opinion has arisen respecting the proper construction of the last member of this sentence; [referring to the constitutional provision that—'all prisoners shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident, or the presumption great'] and perhaps the thought is not very clearly expressed. It has been contended that it is necessary that 'the proof' should be 'evident or the presumption great' that the offence charged to have been perpetrated, is really a capital one; and hence that, if any doubt exists as to what will be the degree of the crime, as ultimately fixed by the verdict, the prisoner is entitled to be bailed. I cannot agree to this construction. I think the clause in question has reference to the guilt of the prisoner, rather than the degree of the offence, 'where the proof is evident, or the presumption great' that the offence was committed by the prisoner. The degree of the offence is to be determined as a question of law; the guilt or innocence of the accused is a matter of fact, and there is much reason in requiring that 'the proof shall be

evident or the presumption great' of the fact of his guilt before denying him the right of bail."

The court in the case of Commonwealth v. Lemley, supra, adopts the rule laid down by Judge King in Commonwealth ex rel. Chauncey and Nixon v. Keeper of the Prison, 2 Ashmead's Reports, 227, 234, wherein the court stated:

". . . that assuming murder in the second degree to be a bailable offence, yet, that the power to discriminate and decide upon the degrees of murder, pertains to the jury which tries the offender, and is not properly exercisable by the judge, on a question of admitting to bail. In a given case, in which a malicious homicide should be clearly shown, and in which the presumption was reasonably strong, that the malicious killing was done with an intent to take away life, I should pause before I undertook to decide as to what degree of murder the perpetrator was guilty of, in such an inquiry as that before me. It is difficult to lay down any precise rule for judicial government, in such a case; but, it would seem a safe one, to refuse bail in a case of malicious homicide, where the judge would sustain a capital conviction, pronounced by a jury, on evidence of guilt, such as that exhibited on the application to bail; and to allow bail, where the prosecutor's evidence was of less efficacy. This appears to afford a practical test, by which the question of admitting to, or refusing bail, in malicious homicide, may be readily solved."

In light of the foregoing, the majority of the court being of the opinion that bail ought to be refused, we are accordingly making the following

### Order

Now, October 4, 1945, after hearing held and upon consideration of the allegations and proofs offered, the prayer of the petition is refused and the writ dismissed. Petitioner, Antonio Condello, is hereby remanded to the Lawrence County jail in conformity

with the commitment made September 17, 1945, by Justice of the Peace J. E. Van Gorder.

*Dissenting opinion*

BRAHAM, P. J., October 4, 1945.—The presumptions of the law are in favor of the citizen's release on bail while awaiting trial. Thus Article 1, sec. 14, of the Constitution of Pennsylvania provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great . . ."

The constitutional provision was written when all murders of the first degree were punishable by death and the inquiry is therefore whether the case presents the aspects of first degree murder; not whether it may be first degree with the death penalty, because that would be clearly invading the province of the jury.

I cannot agree with the view of the majority that the language, "when the proof is evident or presumption great," refers only to the guilt of the accused. Commonwealth v. Lemley, 2 Pitts. 362, 368 is cited on this point. Section 701 of The Penal Code of June 24, 1939, P. J. 872, 18 PS §4701 provides:

"All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree."

The meaning of the constitutional provision refusing bail to a prisoner charged with murder where the presumption is great is evident. A murder apparently committed in the perpetration of one of the named felonies classifies itself. It is first degree and the offense is not bailable. Murder by poison or lying in wait is not so readily demonstrated; yet ordinarily little evi-

dence is necessary to disclose a killing in one of these especially wicked fashions. Again the prisoner is not entitled to bail.

Only when the Commonwealth relies upon a wilful, deliberate and premeditated killing is there difficulty in determining whether the accused is entitled to bail. Of course the Commonwealth ought not to be compelled to disclose its complete case in the preliminary inquiry. Equally apparent is the principle that the court need not be convinced beyond a reasonable doubt. It is sufficient if proof be adduced which would move the court to sustain a conviction of murder in the first degree. This is the rule of the leading case of Commonwealth ex rel. v. Keeper of the Prison, 2 Ashmead 227, 234, cited by the majority.

But there must be some evidence pointing toward a wilful, deliberate, and premeditated killing. It will not do to say merely that the language of the Constitution, "where the proof is evident", refers only to the guilt of the defendant. The evidence must indicate his guilt of this type of murder. The presumption of murder arising from felonious homicide arises no higher than second degree: Commonwealth v. Drum, 58 Pa. 9; Commonwealth v. Tompkins, 267 Pa. 541. In the present case the Commonwealth relies upon defendant's use of a deadly weapon upon a vital part of the body; but this raises no presumption of first degree murder: Commonwealth v. Troup, 302 Pa. 246.

From the evidence produced I do not find the indicia of a capital case. In the two scuffles between defendant and the deceased which occurred within the tavern the defendant was not the aggressor. According to the record the accused told the deceased to leave him alone or defendant would "Let him have it". This was not threat but warning. The deceased was ejected by the proprietor. According to the Commonwealth's evidence the defendant shot deceased without the tavern when deceased was "grabbing" for defendant's throat. Ap-

parently deceased had waited for defendant. There is no evidence of prior threats and no evidence of flight.

The Commonwealth may have evidence of a wilful, deliberate, and premeditated killing but I do not find it in the evidence. Entertaining these views I would admit defendant to bail.