**UNITED STATES of America ex rel. George MERRITT, Jr., and Gail Madden, Petitioners,**

**v.**

**Samuel VUKCEVICH, Superintendent, Rahway State Prison, and Marilyn Davenport, Superintendent, Clinton Correctional Institution for Women, Respondents.**

**Civ. No. 1557-71.**

United States District Court, D. New Jersey.

Feb. 25, 1972.

William J. Bender, Constitutional Litigation Clinic, Newark, N. J., for petitioners.

Karl Asch, Prosecutor, Elizabeth, N. J., for respondents.

### MEMORANDUM and ORDER

SHAW, District Judge.

Petitioners seek the issuance of a writ of habeas corpus pursuant to the provisions of 28 U.S.C. 2241(c) (3) alleging that each is incarcerated pending trial and has been denied the right to bail.

Petitioners were indicted in Union County, New Jersey, on a murder charge and were convicted on a jury verdict of first degree murder. Upon recommendation of the jury, each of petitioners was sentenced to life imprisonment. The convictions were appealed to the New Jersey Superior Court, Appellate Division, and the convictions were reversed because of error in the charge of the trial judge to the jury and the indictments were remanded for retrial. Petitioners moved to have bail fixed pending retrial and the motion was denied by the trial court. The trial court held that it did not have authority to release petitioners on bail because under Rule 2:11–3(b) the appellate court did not "direct the trial court" to admit petitioners to bail pending retrial. The trial court then stressed the application of State v. Obstein, 52 N.J. 516, 247 A. 2d 5 (1968), as authority for the proposition that bail could be denied in any case where there was danger of conviction of first degree murder, regardless of whether or not the death penalty could be imposed. Petitioners sought review of the order of the trial court in the New Jersey Superior Court, Appellate Division, and in the New Jersey Supreme Court and review was denied. Petitioners have exhausted their State remedies.

It seems that the controlling decisional law by the highest court of New Jersey was set forth in State v. Wolf, 46 N.J. 301, 216 A.2d 586 (1966), where the New Jersey Supreme Court held that upon retrial of a murder indictment after conviction and sentence of life imprisonment, the State is barred from seeking the death penalty on retrial. The trial judge, however, in commenting upon denial of bail relied upon State v. Obstein, *supra*. A careful reading of the New Jersey Supreme Court decision in *Obstein* clearly indicates that it did not operate to overturn the ruling in State v. Wolf, *supra*. The defendant in *Obstein* had not been tried and the application for bail was made prior to trial on indictment upon which the defendant could have been convicted of first degree murder and subject to imposition of the death penalty. The defendant in that case faced the likelihood of capital punishment. The New Jersey Supreme Court in *Obstein* stated:

This Court had occasion a few years ago to deal with the issue of the right of a person under indictment for murder to be released on bail pending trial. State v. Konigsberg, 33 N.J. 367, 164 A.2d 740, 89 A.L.R.2d 345 (1960). There we said the constitutional authorization to deny bail in

murder cases where the proof is evident or the presumption great is satisfied, and that bail should be denied when upon analysis, the circumstances shown on the application disclose a fair likelihood that the defendant is in danger of a first degree murder verdict. 33 N.J. at pp. 374–377, 164 A.2d 740; N.J.Const.1947, Art. I, par. 11; Note, 7 Vill.L.Rev. 438 (1962). The requisite danger exists when the trial court concludes that the circumstances, if believed by a jury, could reasonably support a finding of that degree of murder. Commonwealth ex rel. Alberti v. Boyle, 412 Pa. 398, 195 A.2d 97 (Sup.Ct.1963). Our reference to first degree murder as distinguished from the death penalty is deliberate. *The rule does not require a specific holding that the danger is of the death penalty. No such forecast is required of the trial judge*, primarily because decision on that penalty is ordinarily for the jury upon and after a consideration of all the evidence introduced at the formal trial. N.J.S. 2A:113–4, N.J.S.A. (Emphasis supplied)

*Obstein* merely holds that prior to trial, for purposes of bail, the judge is not required to forecast a death penalty verdict.

The State insists, contrary to State v. Wolf, *supra*, that bail may be denied under New Jersey law whenever there is danger of a conviction of first degree murder regardless of whether the death penalty may be imposed. The argument is specious and untenable. The New Jersey Constitution, 1947, Art. I, para. 11, provides:

No person shall, after acquittal, be tried for the same offense. All persons shall, before conviction, be bailable by sufficient sureties, *except for capital offenses when the proof is evident or presumption great.* (Emphasis supplied)

Rule 3:26–1(a) provides:

All persons, except those charged with crimes *punishable by death* when the proof is evident or presumption great, shall be bailable before conviction on such terms as, in the judgment of the court, will insure their presence in court when required, having regard for their background, residence, employment and family status and, particularly, the general policy against unnecessary sureties and detention. In its discretion the court may order the release of a person on his recognizance and may impose terms or conditions appropriate to such release. (Emphasis supplied)

Any question that might have existed as to the likelihood of imposition of the death penalty upon defendants after retrial has been entirely dispelled by the recent decision of the New Jersey Supreme Court in State v. Funicello, 60 N.J. 60, 286 A.2d 55 (1972). The State may not seek imposition of the death penalty upon conviction of either of petitioners of first degree murder. With the likelihood of the death penalty removed, each of petitioners is entitled to bail pending retrial. Since the offenses charged are bailable under New Jersey law, that law must be uniformly applied by state courts pursuant to the equal protection clause of the Fourteenth Amendment. It is recognized that this is a sensitive area for intervention of a federal court to secure a constitutional right under the United States Constitution and that, in the absence of arbitrary application of state law, intrusion of the federal court in this area would be unwarranted. But the State of New Jersey has declared that bail may be denied *only* in cases of crime punishable by death "when the proof is evident or presumption great." See State v. Wolf, *supra*. The offenses with which petitioners are charged are not punishable by death as a matter of New Jersey law, and petitioners must be accorded the same right of bail pending retrial as is accorded to other offenders in the same class.

It appears from the record before this Court that the trial of petition-

ers was a lengthy trial producing a voluminous transcript. Ordinarily it would be incumbent upon this Court to examine the transcript and from it glean such facts as may be pertinent to the degree of probable culpability of each of petitioners in the murder with which they are charged for purposes of reaching a determination as to what would constitute reasonable bail. Here, however, the state trial court has discretion and is more familiar with the pertinent facts adduced at trial which may serve as a guide to the exercise of sound discretion. The offenses charged involved the murder of a police officer in Plainfield, New Jersey, which was a result of mob action. The defense vigorously challenged the allegations of participation on the part of petitioners. There seems to be no dispute about the fact that the death of the police officer was the result of mob action and was perpetrated in a brutal manner. Hence the degree of culpability of either or both of petitioners in the perpetration of the offense, if any, is in the opinion of this Court, a matter which would be more appropriate for the state trial court to resolve in the exercise of its sound discretion of what would constitute reasonable bail.

As indicated above, the matter of release on bail pending retrial on a state indictment is a sensitive area for exercise of federal jurisdiction. But the duty to afford relief is clear and must be discharged. New Jersey must apply its own law in a non-discriminatory manner. It has had opportunity to do so. In a technical sense it would seem that remand for appropriate action should be to the New Jersey Superior Court, Appellate Division. This course, however, would only operate to delay direction to the trial court to fix bail. Therefore, since, under New Jersey procedure, the matter would come ultimately to the trial court from the Appellate Division, it is, in the interest of economy of judicial effort and expeditious disposition of the motion for bail, that the remand should be directly to the trial court. Accordingly, it will be ordered that petitioners' motion in the Union County Court to have bail fixed pending retrial be remanded to the trial court for reconsideration of its earlier opinion, with bail to be fixed in an amount deemed reasonable by the trial court in the exercise of its sound discretion.

In the event that the trial court does not act within 20 days after the filing of this Memorandum and Order, each of the petitions filed herein for the issuance of a writ of habeas corpus will be granted.

It is on this 25th day of February, 1972, ordered that petitioners' motions before the trial court to have bail fixed pending retrial on the murder indictments be reconsidered by the Union County Court within 20 days of the date hereof and that bail as to each be fixed by the Union County Court within that period.

Further ordered that in the event of failure of the Union County Court to fix bail for each of petitioners within 20 days of the date hereof, a writ of habeas corpus will be issued out of this court releasing each of petitioners from further custody pending retrial, such writ of habeas corpus to remain effective until the Union County Court does fix bail.