UNITED STATES of America ex rel.
John PARSON H-8559

v.

Robert L. JOHNSON, Superintendent,
Correctional Institution, Grater-
ford, Pa.

Civ. A. No. 71-930.

United States District Court,
E. D. of Pennsylvania.

May 4, 1971.

John Parson, per se.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In this habeas corpus matter, a state prisoner asks that we order him freed on bail while an appeal from the denial of postconviction relief is pending.

Petitioner, John Parson, is incarcerated at the State Correctional Institution at Graterford, Pennsylvania, as a result of a larceny conviction. He alleges that he had been released on bail from the time of his arrest until after the Superior Court affirmed his conviction. He contends that his attorney should have pursued an appeal to the Supreme Court of Pennsylvania but failed to do so. After he was committed to Graterford, petitioner filed a collateral proceeding under the provisions of Pennsylvania's Post Conviction Hearing Act, the Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180-1, etc. Relief was denied in the Court of Common Pleas and petitioner has appealed to the Superior Court. His request to that court for the allowance of bail was refused, as a result of which he has brought the present action seeking that we order his release.

Article 1, Section 14 of the Constitution of Pennsylvania provides: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses * * * ". Since petitioner was not charged with a capital offense, he had an absolute right to bail *before* conviction. However, Rule 4004(b) of the Pennsylvania Rules of Criminal Procedure expresses the long established practice that *after* sentence, a defendant is entitled to bail, not as a matter or right, but only in the discretion of the court: Commonwealth v. Keller, 433 Pa. 20, 24, 248 A.2d 855 (1969). In Carbo v. United States, 82 S.Ct. 662 (1962), the Supreme Court reviewed the right to bail during the pendency of an appeal. Rule 46(a) (1) of the Federal Rules of Criminal Procedure was interpreted to make release on bail mandatory only *before* conviction.

Petitioner's allegations do not show any violation of his constitutional rights. Accordingly, we can grant no relief.