## Commonwealth v. Hallowell

*Edward G. Rendell,* Assistant Chief of Homicide Division, for Commonwealth.

*David Rudovsky,* for defendant.

KALISH, J., March 14, 1972.—In 1947, defendant, William Hallowell, was found guilty of murder in the first degree for two murders and was sentenced to life imprisonment.

In July 1968, he filed a petition for relief pursuant to the Post Conviction Hearing Act; was permitted to file post trial motions as if timely filed and on June 6, 1969, relief was denied. Defendant appealed.

Having reviewed the record, the Supreme Court, on October 12, 1971, held that defendant must be given a new trial. The court ruled that his incriminating statement used against him at the trials was not a voluntary one.

Defendant has now applied to this court for bail. It has been agreed between counsel that the court may refer to the opinion of the Supreme Court (444 Pa. 221) for a summary of the facts of the case.

Article I, sec. 14, of the Pennsylvania Constitution provides:

"All prisoners shall be bailable by sufficient sureties,

unless for capital offenses when the proof is evident or the presumption great . . ."

For the purposes of this bail application, I have reviewed the summary of the facts as contained in the Supreme Court's opinion, excluding the statement of defendant and conclude that the proof is evident and presumption great that defendant is guilty of murder in the first degree.

Is defendant presently charged with a capital offense within the meaning of article I, sec. 14, of the Pennsylvania Constitution?

The Commonwealth contends that "capital offense" relates to the character or class of crime rather than to the penalty and that by statute, murder in the first degree is the only crime for which the death penalty may be imposed.

In Commonwealth ex rel. Alberti v. Boyle, 412 Pa. 398, at page 400, the court said:

"A 'capital offense' within the meaning of the Constitution means a crime of such a character that the penalty or sentence of death *may* be imposed even though the crime is punishable by death or life imprisonment or by a lesser sentence." See also Commonwealth v. Keller, 433 Pa. 20 (1969).

On the retrial of the case at bar, defendant cannot be threatened with or receive a punishment harsher or greater than that of his original conviction. Thus, on retrial, defendant cannot receive the death penalty: Commonwealth v. Littlejohn, 433 Pa. 336 (1969).[1]

If this were the initial trial of this case, then certainly, at that stage presumptively it would be a first

---

[1] The court said, pages 347-48: "Although there are no legal standards by which the jury actually makes this sentencing decision, it is certainly true that a jury which returns with a sentence of life imprisonment has determined that the facts in the case do not warrant a death penalty . . . and view the jury's decision as an implied acquittal of the defendant of the penalty of death."

degree capital case. However, the posture of the case now, on retrial, is such that the jury has already impliedly acquitted defendant of the penalty of death. See *Commonwealth v. Littlejohn, supra.* Consequently, this is not a capital case within the meaning of the constitutional bail provision. If the framers had intended the constitutional provision to apply to all first degree murder cases, it could very easily have said so.

The court, therefore, concludes that defendant is entitled to bail.

The judge sitting in this court must set bail which is not excessive and our Supreme Court, in Rule of Criminal Procedure 4005, has set out the criteria in ascertaining the amount.[2]

I have reviewed the summary of the facts and the present posture of the case.

---

[2] Much has been written about bail, preventive detention, the substantive aspect of bail and the procedure in determining its amount and type. One need only read the various opinions in Commonwealth ex rel. Hartage v. Hendrick, 439 Pa. 584 (1970), and the exhaustive dissenting opinion of Judge Hoffman in Commonwealth ex rel. Ford v. Hendrick, 215 Pa. Superior Ct. 206 (1969), to get an idea of the divergent views. All contain summaries of much of the recent literature on the subject.

Rule 4005 of the Rules of Criminal Procedure, ascertaining the amount of bail, provides these guidelines:

"(a) The amount of bail shall be such as to ensure the presence of the defendant, and shall be determined according to, but not solely, upon the following criteria:

"(1) The nature and circumstances of the offense and the stage of the prosecution then existing;

"(2) The age, residence, employment, financial standing and family status of the defendant;

"(3) Defendant's character, reputation and previous criminal history; and

"(4) Defendant's mental condition.

"(b) A court may, for cause, increase or reduce the amount of bail or require new or additional bail."

Additionally, defendant's mother, a retired psychologist, testified that defendant would live with her, pending the retrial of the case.

The testimony shows that defendant has been in prison for 25 years, the last eight of which were at the State Correctional Institution at Huntingdon, in minimal security, spending many hours a day outside the prison walls with no security supervision. Two ministers who work at the prison and a business executive who works extensively with prison inmates, all of whom are acquainted with defendant, testified that defendant would be a good risk for release on bail.