Commonwealth ex rel. Alberti, Appellant, *v.* Boyle.

Argued October 7, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Martin Lubow,* Assistant District Attorney, with
him *Louis Abromson* and *Samuel Strauss,* Assistant
District Attorneys, for appellant.

*Ralph S. Sapp,* with him *Porsche, Schuchert &
Sapp,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12,
1963:

Alberti was incarcerated in Allegheny County fol-
lowing a verdict of the Coroner's Jury that he be held
to await the action of the Grand Jury on a charge of
murder. He thereupon filed in the Common Pleas
Court a petition for a writ of habeas corpus, asking

that he be admitted to bail. At the hearing upon this petition the Commonwealth offered in evidence the record of the proceedings before the Coroner. Upon consideration of such record the Court admitted the relator to bail, and from that Order the District Attorney has appealed.

Each party relies upon §14 of Article I, of the Constitution of our Commonwealth, which pertinently provides: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great; . . . ."

This case raises several very important questions. There are no appellate decisions construing this Constitutional provision but it has been considered in the county court cases found in the footnote.* A "capital offense" within the meaning of the Constitution means a crime of such a character that the penalty or sentence of death *may* be imposed even though the crime is punishable by death or life imprisonment, or by a lesser sentence. 8 Am. Jur. 2d, Bail and Recognizance, §30, p. 801; 8 C.J.S., Bail, §34, p. 66; Wharton's Criminal Law and Procedure, 1957 Ed., §1811, p. 652; Black's Law Dictionary, 4th Ed., p. 263, Capital Case or Crime. In other words, a capital offense is a crime for which the death penalty may, but need not be inflicted. *Lee v. State,* 31 Ala. App. 91, 13 So. 2d 583, 587. We are likewise convinced that the words in Section 14 "when the proof is evident or presumption great" mean that if the Commonwealth's evidence which is presented at the bail hearing, together with all reasonable infer-

---

* *Commonwealth ex rel. Chauncey and Nixon v. Keeper of the Prison,* 2 Ashm. 227, 234 (Philadelphia County, 1838); *Commonwealth v. Lemley,* 10 P. L. J. 122 (Greene County, 1862); *Commonwealth ex rel. v. Manley,* 60 Pa. D. & C. 194 (Lackawanna County, 1947); *Commonwealth v. Scarsellato,* 35 Wash. 234 (1955); contra, *Commonwealth ex rel. Condello v. Ingham,* 54 Pa. D. & C. 253 (Lawrence County, 1945).

ences therefrom, is sufficient in law to sustain a verdict of murder in the first degree, bail should be refused.* It follows that in the absence of such evidence, the prisoner is entitled to bail.

The practice followed in the present case and in a number of lower Court cases of deciding this very important question on the basis of the testimony presented at a coroner's inquest is condemned and is no longer to be followed. In application for bail in a homicide case, a decision should be made on the basis of the testimony which is presented by the Commonwealth at that hearing, and, of course, under the pertinent tests hereinabove set forth.

The case is remanded to the lower Court for the taking of testimony and an Order based thereon.

---

\* See particularly the opinion of President Judge KING in *Commonwealth ex rel. Chauncey and Nixon v. Keeper of the Prison,* 2 Ashm., supra, 227, 234.