**UNITED STATES of America ex rel. Julius F. KLEIN, Relator,**

v.

**John T. DEEGAN, as Warden of Sing Sing Prison, State of New York, Respondent.**

**No. 68 Civ. 2459.**

United States District Court
S. D. New York.
July 16, 1968.

Robert M. Pitler and John Kuttas, New York City, for relator.

Louis J. Lefkowitz, Atty. Gen., of State of New York, for respondent (Michael H. Rauch, New York City, of counsel).

## MEMORANDUM

THOMAS F. MURPHY, District Judge.

Petitioner is presently incarcerated in state prison as a result of his conviction of larceny in the first degree on March 11, 1968, in the New York State Supreme Court, New York County. Pursuant to sections 552 and 555 of the New York Code of Criminal Procedure, he was denied bail pending appeal. He now seeks federal habeas corpus relief on the grounds that this denial was in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

 Even assuming *arguendo* that the bail provision of the Eighth Amendment is binding upon the states, it in no way mandates that bail be granted pending an appeal. It merely states that "excessive bail shall not be required * * *." Petitioner argues that the "right" to bail pending appeal is so fundamental that it should be and is binding upon the states, citing a number of Supreme Court cases wherein various portions of the Bill of Rights have been held applicable to the states. To equate cases involving pre-conviction rights with the "right" to bail pending appeal, is to overlook the fact that the petitioner has already been tried and convicted. It is evident that the "right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper." McKane v. Durston, 153 U.S. 684, 687–688, 14 S.Ct. 913, 915, 38 L.Ed. 867 (1896).

As to petitioner's claim that the New York statutes violate the equal protection clause of the Fourteenth Amendment, he has failed to show that New York's denial of bail to recidivists pending their appeal is an unreasonable and arbitrary classification. Rather, it would seem that there is rational basis for such a denial in the case of a person convicted of a crime, who, in the past, has been convicted of other crimes. See United States v. Wilson, 257 F.2d 796 (2d Cir. 1958).

Accordingly, the petition is denied.

This is an order. No settlement is necessary.