Commonwealth *v.* Keller, Appellant.

Submitted September 30, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Douglas Wayne Keller*, appellant, in propria persona.

*Harry W. Gent, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 15, 1969:

This is an appeal from the Order of the Court of Oyer and Terminer dismissing Keller's petition for his release on bail. The unusual facts in this case require a detailed statement.

Petitioner and two co-defendants, all of whom were represented by counsel, were found guilty of *second-degree murder in 1961.* A sentence of not less than 10 nor more than 20 years was imposed.

On July 29, 1964, Keller filed a petition for a writ of habeas corpus in the Court of Common Pleas, seeking his release from prison on the ground that he had been denied the benefit of counsel and had not been informed of his Constitutional rights and Escobedo warnings when he was being interrogated by police of-

ficers prior to his trial. This petition was dismissed by an Order (with accompanying Opinion) of the lower Court on February 23, 1965, and a petition for rehearing was subsequently dismissed by the same Court. We affirmed the Order of the lower Court in *Commonwealth ex rel. Keller v. Maroney,* 419 Pa. 318, 214 A. 2d 249 (1965).

On June 1, 1965, Keller filed a post-conviction petition under the Post Conviction Hearing Act of January 25, 1966, P. L. 1580, 19 P.S. §1180-1, requesting his release on the ground that his Constitutional rights were violated by (1) the destruction of the victim's home prior to trial, (2) petitioner's enforced participation in the re-enactment of the homicide, (3) petitioner's arrest without a warrant and without probable cause. This petition was dismissed by the lower Court and no appeal was taken.

On January 20, 1967, Keller filed another petition under the Post Conviction Hearing Act requesting his release on the ground that, after he had been convicted of murder in the second degree, he had been erroneously advised by his former counsel that he might be convicted of murder in the first degree if he was tried again. At the Court hearing on this petition, counsel for Keller testified that he had informed petitioner that he could be convicted of first-degree murder if retried. On *July 31, 1967,* the lower Court issued an Order granting petitioner the right to file post-trial motions in arrest of judgment and for a *new trial.** On October 2, 1967, petitioner filed *a motion for bail.*

---

* On *June, 28 1968,* petitioner's motions in arrest of judgment and for a new trial were denied by the lower Court. On June 29, 1968, petitioner filed a motion for rehearing on his post-trial motions. On August 6, 1968, the Court of Oyer and Terminer vacated its Order of June 28, 1968 and granted petitioner an additional period of time in order to file additional reasons in support of his post-trial motions for a new trial and in arrest of judgment.

*This motion was denied by the lower Court on January 22, 1968, and it is from this Order that petitioner now appeals.*

Article I, Section 14, of the Constitution of Pennsylvania provides that "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great; . . ." In *Com. ex rel. Alberti v. Boyle,* 412 Pa. 398, 195 A. 2d 97 the Court said (page 400): "A 'capital offense' within the meaning of the Constitution means a crime of such a character that the penalty or sentence of death *may** be imposed even though the crime is punishable by death or life imprisonment, or by a lesser sentence. 8 Am. Jur. 2d, Bail and Recognizance, §30, p. 801; 8 C.J.S., Bail, §34, p. 66; Wharton's Criminal Law and Procedure, 1957 Ed., §1811, p. 652; Black's Law Dictionary, 4th Ed., p. 263, Capital Case or Crime. In other words, a capital offense is a crime for which the death penalty may, but need not be inflicted. Lee v. State, 31 Ala. App. 91, 13 So. 2d 583, 587."

Petitioner was convicted, we repeat, of second-degree murder in 1961. He has, therefore, not committed a capital offense within the purview of Article I, Section 14. *Com. ex rel. Alberti v. Boyle,* 412 Pa., supra. However, Rule 4004(b) of the Pennsylvania Rules of Criminal Procedure expresses the long established practice in Pennsylvania that *after conviction* a defendant is entitled to bail, not as of right, but only *in the discretion of the Court.* Rule 4004(b) provides: "After sentence, bail *may*** be allowed in such amount as shall be fixed by the trial judge conditioned upon the defendant perfecting an appeal within twenty days."

---

* Italics in original Opinion.

** Italics ours.

While we have found no appellate Court decision in Pennsylvania directly in point, the law in other States supports Pennsylvania's interpretation and practice. See *In re Halsey,* 124 Ohio St. 318, 178 N.E. 271 (1931); *State v. Helton,* 261 P. 2d 46 (Wyo. 1953); *Younghans v. State of Florida,* 90 S. 2d 308 (Fla. 1956); *Carbo v. United States,* 82 S. Ct. 662.

In the *Helton* case, the Supreme Court of Wyoming, in a Per Curiam Opinion, succinctly analyzed the problem in the following words: "Section 14, Article 1, of our [Wyoming] constitution provides that: 'All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great.' We held in the case of In re Boulter, 5 Wyo. 263, 39 P. 875, that this constitutional guarantee is lost after conviction and that appears to be the general rule."

In the *Halsey* case, the Supreme Court of Ohio decided that the Constitutional provision providing for bail applies *only before* a conviction, and pertinently said (page 320): "If the constitutional provision be given the sweeping meaning which has been argued in this case, the result would be that all convicted persons of all crimes could be admitted to bail, even after judgments were affirmed in the highest courts of the state."

The principle herein set forth with respect to bail is further confirmed by *Carbo v. United States,* 82 S. Ct., supra. In that case, the Supreme Court reviewed the right to bail *after conviction* for violating several federal statutes and sentenced to twenty-five years imprisonment and a fine of $10,000. This case involved the right to bail pending the determination of defendant's appeal to the Supreme Court. Rule 46(a) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C., makes bail mandatory only before the conviction and

when the offense charged is not a capital one. Rule 46(a) (2) provides that "bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay." In spite of the language of Rule 46(a) (2), the Supreme Court, after reviewing many of its prior decisions, decided that, pending the determination of the appeal, bail should be denied in the public interest* because of threats and intimidations to the prosecution witness.

We find no abuse of discretion in the denial of bail in this case.

Order affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS concur in the result.

Mr. Justuce MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

* In the opinion of this writer, a large number of crimes are committed by dangerous criminals who are out on bail, and by repeaters. If all persons who are *convicted* of a lesser crime than murder in the first degree are entitled to bail *as a matter of right*, it is a matter of common knowledge, supported by reliable statistics, that the protection and safety of society would be greatly jeopardized.