Commonwealth *v.* Caye, Appellant.

Argued March 16, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

214

*Simon B. John,* Assistant Public Defender, with him *Thomas P. Ruane, Jr.,* Public Defender, for appellant.

*Peter U. Hook,* First Assistant District Attorney, with him *Richard D. Cicchetti,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 20, 1972:

Appellant Edward Cayc was convicted of second degree murder following a trial by jury. After the verdict, appellant filed a petition requesting the setting of bail pending the determination of his post-trial motions. The petition was dismissed without hearing. This appeal followed.[1] Appellant contends that because he was convicted of second degree murder and not yet sentenced, he has an absolute right to bail pursuant to Rule 4004(a) of the Pennsylvania Rules of Criminal Procedure. We agree and reverse.

Rule 4004(a) provides: "(a) After a verdict of guilty and before sentence is imposed, *a defendant shall*

---

[1] The grant or denial of bail is an appealable order. *Commonwealth ex rel. Cummins v. Price,* 421 Pa. 396, 407, 218 A. 2d 758, 763, cert. denied, 385 U.S. 869, 87 S. Ct. 136 (1966).

*have the same right to bail as he had before trial,* except that the trial judge, upon request or of his own motion, may increase or decrease the amount thereof." (Emphasis added.)

The right to bail before trial is specifically guaranteed by Article I, Section 14 of the Pennsylvania Constitution: "All prisoners shall be bailable by sufficient sureties unless for capital offenses when the proof is evident or presumption great. . . ." See also Act of March 31, 1860, P. L. 427, §7, as amended, 19 P.S. §51; Pa. R. C. P. 4002(a).[2] The Constitution makes it clear that unless the "proof is evident or presumption great" that a capital offense has been committed, the defendant prior to trial is entitled to bail. See *Commonwealth ex rel. Alberti v. Boyle,* 412 Pa. 398, 400-01, 195 A. 2d 97, 98 (1963); accord *Commonwealth v. Keller,* 433 Pa. 20, 23, 248 A. 2d 855, 856 (1969) (dicta); cf. *McNair's Petition,* 324 Pa. 48, 54, 187 Atl. 498, 501 (1936). See also 1 Henry, Criminal Procedure in Pennsylvania §§139-41 (1937); 1 Kessler, Criminal Procedure in Pennsylvania 108 (1961). Of course, the amount of bail is a separate question to be determined after consideration of factors relevant "to ensure the presence of the defendant. . . ." Pa. R. C. P. 4005(a).

The trial court apparently construed Rule 4004(a) to mean that if bail was denied before trial because

---

[2] 19 P.S. §51 provides: "In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws, shall be admitted to bail by one or more sufficient sureties . . . except such persons as are precluded from being bailed by the constitution of this Commonwealth. . . ."

The above quoted section of 19 P.S. §51 has not been suspended by the Rules of Criminal Procedure. Another portion of Section 51, defining the powers of the "issuing authority" is suspended. Pa. R. C. P. 4016.

Rule 4002(a) provides: "All persons may be admitted to bail in all cases as now provided by law. . . ."

the "proof is evident or presumption great" that a capital offense has been committed, the defendant is not entitled to bail after the verdict and before sentence even though the verdict returned is one of second degree murder. This construction of Rule 4004(a) would in effect burden a defendant with the penalties of being charged with a capital offense despite the fact that at trial the jury returned a verdict of second degree murder, a noncapital offense. We cannot accept this construction of Rule 4004(a).

There can be no doubt that Rule 4004(a) is intended to define the bail rights of a defendant between verdict and sentence; his eligibility for bail therefore is determined by the guilty verdict returned and not by the offenses sought to be proved at trial. This Court has said: "A capital offense is a crime for which the death penalty *may* . . . be inflicted." *Commonwealth ex rel. Alberti v. Boyle,* 412 Pa. 398, 400, 195 A. 2d 97, 98 (1963) (emphasis added). Only murder in the first degree is so punishable.[3] Once a defendant is found guilty of second degree murder, he is no longer subject to the imposition of the death penalty.[4] We have repeatedly held, therefore, that "second degree murder is not a capital offense." *Commonwealth v. Gooslin,* 439 Pa. 170, 172, 266 A. 2d 655, 657 (1970); *Commonwealth v. Keller,* 433 Pa. 20, 23, 248 A. 2d 855, 856 (1969).

---

[3] Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701.

[4] It has long been the law of this Commonwealth that a conviction of murder in the second degree operates as an acquittal of first degree murder and on retrial the prosecution is limited to seeking a conviction of murder in the second degree. *Commonwealth v. Dettrick,* 221 Pa. 7, 70 Atl. 275 (1908); cf. *Commonwealth v. Wright,* 444 Pa. 588, 590, 282 A. 2d 266, 267 (1971); *Commonwealth v. Littlejohn,* 433 Pa. 336, 250 A. 2d 811 (1969). See also *Price v. Georgia,* 398 U.S. 323, 90 S. Ct. 1757 (1970).

We construe Rule 4004(a) as granting the right to bail, after verdict and before sentence, to a defendant found guilty of a noncapital offense. Accordingly, the order of the court of common pleas is reversed and the record remanded for proceedings consistent with this opinion.