Commonwealth *v.* Fowler, Petitioner.

506

Argued March 16, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis Lipschitz,* with him *Lipschitz & Danella,* for petitioner.

*Melvin Dildine,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, respondent.

OPINION BY MR. JUSTICE NIX, May 4, 1973:

The petitioner, Clarence Fowler, was convicted by a jury of murder in the first degree and robbery. His motions for a new trial and in arrest of judgment are still pending. Petitioner filed an application for bail, which was denied by the lower court after a hearing on January 11, 1973. This petition for bail follows.

The narrow issue presented by this petition concerns the right of an individual convicted of first degree murder and facing a mandatory sentence of life im-

prisonment[1] to bail pending the disposition of post-trial motions in the court below.

The constitutional basis for release on bail for persons confined within this Commonwealth emanates from Art. I, Secs. 13 and 14 of the Pennsylvania Constitution. We hold that neither of these sections confers an absolute right to bail on one convicted of first degree murder between verdict and formal sentencing.

The language of Art. I, Sec. 13, is identical to the bail clause of the Eighth Amendment to the United States Constitution.[2] This portion of the Eighth Amendment has never been interpreted as requiring bail for every offender of state laws irrespective of the gravity of the offense, prior to trial. "While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail." *Mastrian v. Hedman*, 326 F. 2d 708, 710 (8th Cir. 1964), cert. denied, 376 U.S. 965 (1964). Cited with approval in *United States ex rel. Fink v. Heyd*, 287 F. Supp. 716, 718 (E.D. La. 1968), aff'd 408 F. 2d 7 (5th Cir. 1969), cert. denied, 396 U.S. 895 (1969).

---

[1] The Act of June 24, 1939, P. L. 872, §701, 18 P.S. §4701 establishes death or life imprisonment as the penalties for first degree murder. In light of the United States Supreme Court decision in *Furman v. Georgia*, 408 U.S. 238 (1972), life imprisonment is the only permissible sentence for first degree murder in Pennsylvania and the trial judge instructed the jury to fix a life sentence. *Commonwealth v. Bradley*, 449 Pa. 19, 295 A. 2d 842 (1972), *Commonwealth v. Sharpe*, 449 Pa. 35, 296 A. 2d 519 (1972).

[2] "Excessive bail shall not be required. . . ."

After a verdict of guilt, the right of a state to deny bail under the Eighth Amendment is unquestioned, provided that the denial is not arbitrary or discriminatory and is founded on a sound, reasonable basis. *Bloss v. Michigan,* 421 F. 2d 903 (6th Cir. 1970) (conviction for sale of obscene literature); *Sellers v. Georgia,* 374 F. 2d 84 (5th Cir. 1967) (conviction for burglary); *United States ex rel. England v. Anderson,* 347 F. Supp. 115 (Del. 1972) (guilty plea to burglary); *United States ex rel. Klein v. Deegan,* 290 F. Supp. 66 (S.D. N.Y. 1968) (conviction of a recidivist); *United States ex rel. Fink v. Heyd,* 287 F. Supp. 716 (E.D. La. 1968); aff'd 408 F. 2d 7 (5th Cir. 1969), cert. denied, 396 U.S. 895 (1969) (conviction and sentence to five or more years imprisonment); *Winningham v. Oklahoma,* 488 P. 2d 1351 (Okla. Ct. Crim. App. 1971) (revocation of a suspended sentence for the commission of a felony.[3] At this juncture, the observation of Justice DOUGLAS is most informative: "It would seem that while bail normally should be granted pending review where the appeal is not 'frivolous' nor 'taken for delay' there is still discretion to deny it. . . . One convicted of rape or murder is not necessarily turned loose on bail pending review, even though substantial questions were presented in the appeal. If, for example, the safety of the community would be jeopardized, it would be irresponsible judicial action to grant bail." *Carbo v. United States,* 7 L. Ed. 2d 769, 82 S. Ct. 662 (1962) (Per DOUGLAS, J., as Circuit Justice). (Citations omitted.)

From these decisions it is apparent that the Eighth Amendment has not been construed to mandate an ab-

---

[3] Statutory federal law specifically provides that the right to bail is mandatory only before trial and when the offense charged is not capital. 18 U.S.C. §§3146, 3148. See also, F. R. Cr. P. 46(c).

solute right to bail before trial and certainly not after a verdict of guilt has been entered. We have been offered no compelling reason why we should interpret the exact same language in Art. I, Sec. 13 of our Constitution otherwise.

The other provision of the Pennsylvania Constitution pertaining to bail is Art. I, Sec. 14 which provides: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. . . ." In our recent decision in *Commonwealth v. Caye*, 447 Pa. 213, 215, 290 A. 2d 244, 245 (1972), this Court recognized that Art. I, Sec. 14 applies only to defendants awaiting trial.[4] "The right to bail before trial is specifically guaranteed by Article I, Section 14 of the Pennsylvania Constitution. . . . The Constitution makes it clear that unless the 'proof is evident or presumption great' that a capital offense has been committed, the defendant prior to trial is entitled to bail." (Citations omitted.) See also, *United States ex rel. Parson v. Johnson*, 329 F. Supp. 1034 (E.D. Pa. 1971).

The petitioner, while implicitly acknowledging the lack of a Constitutional basis for his position, argues that P. R. Crim. P. 4004(a)[5] when read with our recent decision in *Commonwealth v. Truesdale*, 449 Pa. 325, 296 A. 2d 829 (1972) provides a convincing foundation for his argument. As has been stated, Art. I, Sec. 14, grants a defendant facing non-capital charges an absolute right to bail before trial. P. R. Crim. P. 4004(a)

---

[4] There are circumstances where pre-trial bail may be denied regardless of the nature of the charges. *Commonwealth v. Truesdale*, 449 Pa. 325, 337-38, 296 A. 2d 829 (1972). See also *Carbo v. United States*, 82 S. Ct. 662 (1962), which suggests denial of bail where witnesses have been threatened.

[5] That rule provides: "After a verdict of guilty and before sentence is imposed, a defendant shall have the same right to bail as he had before trial. . . ."

purports to confer upon the prisoner who is between verdict and sentencing the same rights as those possessed by the prisoner who awaits trial. The petitioner therefore argues that, since we have determined in *Commonwealth v. Truesdale, supra,* that first degree murder is no longer a capital offense and that a defendant prior to trial, even though the charge is first degree murder, is entitled to bail, that we are necessarily forced to the conclusion that between verdict and formal sentencing the same result should be obtained. We do not agree.

The petitioner's argument is premised upon the assumption that a procedural rule can confer a substantive right. The rule-making power of this court is not for the purpose of defining new rights of litigants but rather to provide the procedure by which established rights are to be effectuated.[6] " 'The procedural rules were not intended to change the substantive rights of the parties. . . .' '[The] rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives.' " *Templeton Appeal,* 399 Pa. 10, 16, 159 A. 2d 725 (1960) (citations omitted). See also, *Reading Co. v. Willow Development Co.,* 407 Pa. 469, 471, 181 A. 2d 288 (1962) ; *Coppage v. Smith,* 381 Pa. 400, 405, 113 A. 2d 247 (1955) ; *McKay v. Beatty,* 348 Pa. 286, 287, 35 A. 2d 264 (1944). Therefore, while Rule 4004(a) purports to give the same right to the defendant between trial and sentencing as the defendant awaiting trial possesses, such is

---

[6] Art. 5, §10(c) of the Pennsylvania Constitution provides: "The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . *if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant.* . . ." (Emphasis added.) See also, Act of June 21, 1937, P. L. 1982, §1, 17 P. S. §61, since Rule 4004(a) was promulgated prior to the 1968 Amendment of our State Constitution.

not the case unless that right is found to exist in the statutory or decisional law of this Commonwealth, independent of the rule.

Our research reveals that the substantive law supporting Rule 4004(a) had not been articulated either through legislative enactment or court decision before our opinion in *Commonwealth v. Caye, supra.* It is equally clear that the holding in *Caye* provided for uniformity of bail rights for offenders before and after trial only in cases that were not considered capital at the time of that decision—i.e., before *Furman* and *Truesdale.* At the time *Caye* was decided, the rule in this Commonwealth was that: "[I]f the Commonwealth's evidence which is presented at the bail hearing, together with all reasonable inferences therefrom, is sufficient in law to sustain a verdict of murder in the first degree, bail should be refused." *Commonwealth ex rel. Alberti v. Boyle,* 412 Pa. 398, 400-401, 195 A. 2d 97, 98 (1963). *Caye* was not then and should not now be considered applicable to cases of first degree murder.

The rationale behind our decision in *Caye* also fails to aid the petitioner's position because *Caye* was specifically limited to defendants whose sentence had not yet been imposed. In contrast, the petitioner was found guilty of first degree murder which carries a mandatory sentence of life imprisonment (see f.n. 1, supra), and the trial judge followed the accepted practice of instructing the jury to fix a life sentence. In such a situation, a verdict of guilty is for all practical purposes equivalent to the sentencing, and the actual imposition of sentence is but a mere formality. The existing law in this Commonwealth as reflected in Rules of Criminal Procedure 4004(b)[7] and (c)[8] provides that

---

[7] "After sentence, bail may be allowed in such amount as shall be fixed by the trial judge conditioned upon the defendant per-

after the imposition of sentence bail pending post-trial review is discretionary except where the sentence imposed is a fine or imprisonment not exceeding two years in which case the right to bail is absolute. See *Commonwealth v. Keller,* 433 Pa. 20, 248 A. 2d 855 (1969). Having concluded that an adjudication of first degree murder is tantamount to sentencing since the element of doubt as to the sanction to be imposed is nonexistent, to grant an absolute right to bail for the most serious offense cognizable under our law exacting the most severe penalty and at the same time denying that right to individuals who have been convicted of certain lesser charges would create an anomoly completely indefensible in logic and reason. Consistency would demand that following a jury verdict of guilt of murder in the first degree bail must, at the *very least* be discretionary. However, after an analysis of all of the factors bearing upon this decision and a review of all the law in this Commonwealth related to the issue, we conclude that we must reject any attempt to vest this responsibility within the discretion of the trial court.

In *Truesdale,* we set forth three factors which generally underlie the right to bail: "(a) the importance of the presumption of innocence; (b) the distaste for imposition of sanctions prior to trial and conviction; and (c) the desire to give the accused the maximum opportunity to prepare his defense." 449 Pa. at 335-336; 296 A. 2d at 834-835. Going beyond the factors enumerated in *Truesdale,* we recognize the difficulties involved in attempting to provide a meaningful pro-

---

fecting an appeal within twenty days. If an appeal is perfected, such bail shall be effective until final determination of the appeal."

8 "When the sentence imposed by the trial judge is a fine or imprisonment not exceeding a term of two years, the defendant shall have an absolute right to bail, conditioned upon his perfecting an appeal within twenty days."

gram for persons confined prior to trial. Because of the lack of resources available and the limitations proscribed by the presumption of innocence, pre-trial detention has, in many instances, proven to have been an unsatisfactory experience. See generally, *Commonwealth ex rel. Bryant v. Hendrick*, 444 Pa. 83, 280 A. 2d 110 (1971). Bail is also desirable because it avoids burdening the state's financial resources both with the cost of detention and with the cost of maintaining the family which depended upon the prisoner. See generally, *Barker v. Wingo*, 407 U.S. 514 (1972).

While all of these factors are compelling before trial, they have little or no application once a conviction has been obtained. After conviction, the presumption of innocence has been overcome beyond a reasonable doubt and the chance that imprisonment will subsequently be shown to have been unwarranted is minimized. The potential for unjust imposition of a sanction or for the unnecessary expenditures of funds is lessened. The defendant's need to marshall evidence in his defense is no longer a consideration. Bail at this stage only postpones the rehabilitative process which is our main concern when the adjudicatory stage has been completed. Thus, the considerations militating in favor of granting bail are significantly diminished by the completion of the trial in a verdict of guilt.

In contrast, the countervailing public need to insure that the defendant will remain in custody increases greatly after conviction, and, when viewed in the context of one convicted of first degree murder, the public interest in detaining the convicted defendant becomes compelling. There are two aspects to that interest: (a) The protection of society in general; and (b) the risk that the defendant will flee and avoid sanction. See, e.g., *Leigh v. United States*, 82 S. Ct. 994, 996, 8 L. Ed. 2d 269 (1962). (Per WARREN, C. J., as Circuit Judge); *Carbo v. United States*, supra.

One convicted of first degree murder has committed the most severe breach of the law of this Commonwealth and is therefore subject to our most severe penalty. To ignore the strong possibility of flight for one in such a position would be a blatant illustration of ignoring reality. To minimize the potential danger that his freedom would cause to society in general and to the witnesses who brought about his conviction in particular would be the height of judicial irresponsibility. The punishment of life imprisonment, which is mandatory, by its very nature renders a monetary bail ineffective and no responsible alternative condition of release has been suggested that can reasonably meet the problems his discharge from confinement would create.

In the exercise of our supervisory capacity we hold that bail should not be granted to one convicted of murder in the first degree between the entry of the verdict and the imposition of formal sentence.

While we are content to rest upon our holding that bail should be denied a person convicted of murder in the first degree during the disposition of post-trial motions, we cannot be unmindful of our responsibility to assure each prisoner a speedy trial and to provide a legal system which processes the matters before it with due dispatch. See, *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A. 2d 127 (1972). While our responsibility to provide a judicial system free of inordinate delay commands a high priority and we have become increasingly conscious of this interest in recent years, this goal alone would not justify the ignoring of the factors mentioned above that occasion our decision that bail should not be permitted for one convicted of first degree murder while awaiting disposition of post-trial motions. However, where there has been an unexplained and unreasonable delay between verdict and formal sentencing the matter is placed in a different posture.

The controlling factor before verdict is the presumption of innocence and this principle forced us to conclude that bail should be granted as a matter of right. After verdict the presumption is no longer present and our main concern must be the protection of society and the immediate initiation of the rehabilitative process for the offender. Both of these objectives would mitigate against the allowance of bail. Where there has been an unreasonable delay caused by the Commonwealth and not contributed to by the defense, the conviction becomes suspect and the possibility of the innocence of the accused cannot then be ignored.

We therefore feel constrained to add a proviso that will assure the disposition of these post-trial proceedings promptly and will avoid the possibility of persons languishing in jail for inordinate periods of time. In attempting to arrive at a reasonable time for the completion of these post-trial motions, we have considered the difficulties that are involved in complicated and protracted trials. We have attempted to take into account the workload of our judges and their staffs, the time consumed in the transcription of the testimony, the preparation of briefs and also to allow for reasonable opportunity for the court to consider the arguments and to render its decision.[9]

It is our considered judgment that except in extraordinary situations these matters can be disposed of within a period of four months from the date of the

---

[9] At the time of the writing of this opinion, there are sixty-one (61) defendants in Philadelphia County who have been convicted of first degree murder but not yet formally sentenced. Those defendants have been in that status for an average of $3\frac{1}{4}$ months, and one of those defendants was convicted as long as $6\frac{1}{4}$ months ago. In Allegheny County, there are twelve (12) such cases which average a 3 1/3 months lapse since the date of verdict, with one defendant having remained in that status for nine (9) months.

entry of the verdict. Hopefully, in those counties where the workload permits, the period between verdict and final sentencing will be much shorter. We therefore hold if post-trial proceedings in a case of first degree murder are not disposed of and the defendant is not sentenced within the stated four-month period, he may then apply for bail. If the trial judge is convinced at that juncture that the defendant neither caused nor consented to the delay, and is provided reasonable assurance against flight, bail may be granted.

Since this is a ruling which is not founded upon a constitutional premise and is an exercise of our supervisory powers, it is to be wholly prospective. For those prisoners who are presently between conviction and sentence, the four-month period will begin to run as of the date this opinion is filed. For all defendants convicted of first degree murder after this date, the period commences at the entry of the verdict of guilty.

The petition for bail is dismissed without prejudice, and the petitioner is granted leave to reapply for bail to the trial court if this case is not disposed of within the time stated.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE JONES:

In *Commonwealth v. Truesdale*, 449 Pa. 325, 296 A. 2d 829 (1972), I noted my dissent. *Truesdale* involved a person accused of murder who had not been tried and the majority of this Court granted bail to Truesdale. I am unalterably opposed to the grant of bail to a person *charged* with murder and believe that such a person should not be permitted bail under any circumstances. In the instant case, I concur in the result reached by the majority and state my belief that a person *convicted* of murder should not be granted bail under any circumstances.

CONCURRING OPINION BY MR. JUSTICE EAGEN:

In my view, the trial court correctly denied the petition for bail. I, therefore, would affirm its order.

There are several statements in the opinion of my brother, Mr. Justice NIX, with which I disagree and I emphatically object to this Court adopting the four-month rule he proposes.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result. The majority holds that ". . . an adjudication of first degree murder is tantamount to sentencing since the element of doubt as to the sanction to be imposed is non-existent, . . ." Having so concluded the majority need simply apply Rule 4004 (b) of the Pennsylvania Rules of Criminal Procedure which governs bail after sentence.

That Rule provides: "(b) After sentence, bail *may be allowed* in such amount as shall be fixed by the trial judge conditioned upon the defendant perfecting an appeal within twenty days. If an appeal is perfected, such bail shall be effective until final determination of the appeal." (Emphasis added.)

Here review of the record reveals that the trial court did not abuse the discretion granted under Rule 4004(b) in denying bail to petitioner.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I disagree with the adoption of the four-month rule. If *circumstances justifying the denial of bail* are present in a given case, bail may be denied at any time— or granted at any time—prior to a *final decision.*

The purpose of bail is to insure the availability of the defendant. Under the Pennsylvania Constitution different classes or status classifications as to bail do not exist. Section 14 of the Declaration of Rights

states that *all prisoners shall be bailable by sufficient sureties.* No one—before trial, during the trial, after trial, or pending a direct appeal (which is a constitutional right under Article V, Section 9 of the Pennsylvania Constitution) has an *unconditional* right to bail. Neither should *any prisoner, at any time before a final decision,* be denied bail without the application of non-arbitrary consistent standards.