413 A.2d 1054

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Davico CABEZA.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1980.

Decided April 30, 1980.

Steven H. Goldblatt, Deputy Dist. Atty., Philadelphia, for petitioner.

Timothy A. Crawford, Philadelphia, for Cabeza.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This is a petition by the Commonwealth for review of an order entered in the Court of Common Pleas of Philadelphia, Criminal Division, reinstating bail for respondent, Davico Cabeza, during the pendency of his post-verdict motions.

On February 25, 1979, respondent Cabeza was, together with his mother, arrested in Philadelphia at the scene of the killing of Helen Cook. Cabeza was charged with murder, was tried by a jury, and on November 3, 1979, was convicted of murder of the first degree. On that date the trial court revoked Cabeza's bail, which had been set at $10,000, and remanded him to the custody of the Sheriff.

Ten days later, on November 13, 1979, respondent filed an application for reinstatement of bail; the application was denied. On January 4, 1980, the trial court convened for a hearing on yet another application for reinstatement of bail, which on this occasion it granted.

The rule in this Commonwealth concerning the granting of bail to persons convicted of murder of the first degree is embodied in Pa.R.Crim.P. 4010(A)(1):

"Capital and Life Imprisonment Cases. The Defendant shall not be released on bail upon a finding of guilty of an offense which is punishable by death or life imprisonment.[1] However, if post-verdict motions are not disposed of within a reasonable period of time thereafter, the judge may in his discretion allow bail."

At the January 4, 1980, hearing the trial court found that the delay of two months between conviction and the disposition of post-verdict motions, coupled with the estimate of the court reporter that transcription of the notes of trial testimony would not be completed for "another two to three more weeks," constituted "unreasonable delay" as contemplated by Pa.R.Crim.P. 4010(A)(1). Hence the trial court concluded whether or not to grant bail was a decision within

1. Murder of the first degree is such a crime. 18 Pa.C.S.A. § 1102.

its discretion. Armed with this conclusion the court reinstated bail in the amount of $10,000. Hence this petition.[2]

The Commonwealth advances but one issue for our resolution: Was the order of the trial court proper in light of the decision of this court in *Commonwealth v. Fowler*, 451 Pa. 505, 304 A.2d 124 (1973). *Fowler* dealt with the identical issue presented herein. We acknowledge that the "rule" in *Fowler* is not without some difficulty of ascertainment; a fractured court of seven members filed five opinions.

The opinion of the court in *Fowler*, authored by Mr. Justice Nix and joined by Mr. Justice O'Brien and Mr. Justice Pomeroy, re-emphasized our view that persons situated as is respondent have no entitlement to bail: "We hold that bail should not be granted to one convicted of murder in the first degree between the entry of the verdict and the imposition of formal sentence." *Fowler, id.*, 451 Pa. at 515, 304 A.2d at 129.

We diluted that holding, however, with the observation that "[w]here there has been an unreasonable delay *caused by the Commonwealth* and not contributed to by the defense the conviction becomes suspect and the possibility of the innocence of the accused cannot then be ignored." (Emphasis supplied.)

We went on to say:

"We therefore feel constrained to add a proviso that will assure the disposition of these post-trial proceedings promptly and will avoid the possibility of persons languishing in jail for inordinate lengths of time. . . . It is our considered judgment that except in extraordinary situations these matters can be disposed of within a period of four months from the date of the entry of the verdict. . . . We therefore hold if post-trial proceedings in a case of first degree murder are not disposed of and the defendant is not sentenced within the stated four-month period, he may then apply for bail." *Fowler, id.*, 451 Pa. at 516, 517, 304 A.2d at 130.

2. Although neither party in the instant case has felt constrained to set forth a statement of jurisdiction, Pa.R.A.P. 1762(b) authorizes our disposition of the instant petition.

Mr. Chief Justice Jones filed an opinion concurring in the result and noting his "belief that a person *convicted* of murder should not be granted bail under any circumstances." (Concurring opinion 451 Pa. at 517, 304 A.2d at 131.) (Emphasis in original.)

Mr. Justice (now Mr. Chief Justice) Eagen filed a concurring opinion in which he "emphatically object[ed] to this Court adopting the four month rule  .  .  . ." (Concurring opinion 451 Pa. at 518, 304 A.2d at 131.)

Mr. Justice Roberts filed a concurring opinion and Mr. Justice Manderino a dissenting opinion in which both iterated their views that the granting of bail is a decision within the discretion of the trial court.

It may be seen then that three members of this Court in *Fowler* adhered to the "four month rule"; one believed persons convicted of murder of the first degree were not entitled to bail under any circumstances; one opposed the "four month rule" but did not clarify his views further. But two members viewed the decision as discretionary even short of four months following return of the verdict. It is in this circumstance that the trial court and respondent in the instant case, not incomprehensibly at a loss for guidance, characterize the "four month rule" enunciated in *Fowler* as *obiter dictum.*

We note, however, that both the trial court and respondent fail to satisfactorily apprehend an important distinction between *Fowler* and the instant case. *Fowler* was decided when the applicable rule of criminal procedure was old Pa.R.Crim.P. 4004(a). That rule provided: "After a verdict of guilty and before sentence is imposed, a defendant shall have the same right to bail as he had before trial  .  . ." The currently applicable rule is Pa.R.Crim.P. 4010(A), quoted above, and which provides that "The defendant shall not be released on bail upon a finding of guilty of an offense which is punishable by death or life imprisonment. However, if post-verdict motions are not disposed of within a reasonable period of time thereafter, the judge may in his discretion allow bail."

■ It is clear, then, that notwithstanding the surfeit of views expressed in *Fowler*, the law now is that in the absence of unreasonable delay between verdict and disposition of post-verdict motions, one convicted of murder of the first degree has no entitlement to bail. This subsequent change in the law has, as a consequence, rendered the views expressed by Mr. Chief Justice Jones, Mr. Justice Roberts and Mr. Justice Manderino inapposite.

What remains for our determination is whether the two months which had elapsed between the return of the verdict and reinstatement of bail in the instant case, in light of the views expressed in *Fowler* which still retain vitality, constituted such an unreasonable delay as to vest the trial court with discretion to grant the petition.

■ We reiterate our observation that one convicted of crime is shorn of the presumption of his innocence; rather more than the opposite is true. When such a person stands before the court petitioning for bail, "the countervailing public need to insure that the defendant will remain in custody increases greatly . . . and, when viewed in the context of one convicted of first degree murder, the public interest in detaining the convicted defendant becomes compelling." *Fowler, id.*, 451 Pa. at 514, 304 A.2d at 129. The *only* counterweight to this "compelling" interest is "an unreasonable delay caused by the Commonwealth and not contributed to by the defense," for then "the conviction becomes suspect and the possibility of the innocence of the accused cannot . . . be ignored." *Fowler, id.*, 451 Pa. at 516, 304 A.2d at 130.

■ We thus take the plurality opinion in *Fowler* to mean what it says: Until *at least* four months' delay has elapsed between conviction and the disposition of post-verdict motions, and *until such delay is shown to have been caused by the Commonwealth and not contributed to by the defense*, the trial court has no discretion to grant bail. Applying that holding to the facts of the instant case, the record reveals that neither of the two requisite conditions is

present. The trial court thus was without discretion to set bail and was in error in doing so.

The Order of the court below, reinstating bail, is reversed.

NIX, J., joins the Opinion of the Court and files a separate concurring opinion in which KAUFFMAN, J., joins.

EAGEN, C. J., concurs in the result.

LARSEN, J., concurs in the result, believing that bail should not be available to anyone under these circumstances.

KAUFFMAN, J., joins NIX, J., in concurring opinion and files a concurring opinion.

ROBERTS, J., files a dissenting opinion.

NIX, Justice, concurring.

I join the opinion of the Court, and write further only to emphasize that the majority's views are totally consistent with those expressed by the Court in *Commonwealth v. Fowler,* 451 Pa. 505, 304 A.2d 124 (1973). (Plurality opinion).

In *Fowler,* the petitioner was convinced by a jury of first degree murder [1] and robbery. While his motion for a new

---

1. At the time of Fowler's conviction, the Pa.Crimes Code divided the crime of murder into two degrees, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502(a) and (b):

> (a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing. A criminal homicide constitutes murder of the first degree if the actor is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary, or kidnapping.

> (b) Murder of the second degree.—All other kinds of murder shall be murder of the second degree. Murder of the second degree is a felony of the first degree.

Under the Act of December 6, 1972, a person who had been convicted of a murder of the first degree was sentenced to death or life imprisonment. 18 Pa.C.S.A. § 1102. Under the amended current Crimes Code, Act of March 26, 1974, P.L. 213, No. 46, § 4, 18 Pa.C.S.A. § 2502, the offense of murder is divided into three degrees:

trial and motion in arrest of judgment were pending, peti-
tioner filed an application for bail. The lower court denied
petitioner's bail application and he applied to this Court for
bail.

The issue before this Court was whether an individual
convicted of first degree murder and facing a mandatory life
sentence has a right to bail pending the disposition of post
trial motions. The applicable law in effect at the time
provided: Pa.R.Crim.P. 4004

> (a) "After a verdict of guilty and before sentence is
> imposed, a defendant shall have the same right to bail as
> he had before trial.

> (b) After sentence, bail may be allowed in such amount
> as shall be fixed by the trial judge conditioned upon the
> defendant perfecting an appeal within twenty days. If an
> appeal is perfected, such bail shall be effective until final
> determination of the appeal."

Although this rule vested absolute discretion in granting bail
to the trial judge, we stated that "[i]n the exercise of our
supervisory capacity we hold that bail should not be granted
to one convicted of murder in the first degree between the
entry of the verdict and the imposition of formal sentence."
*Id.*, 451 Pa. at 515, 304 A.2d at 129.

In order to insure a prompt determination of post verdict
motions and to avoid the possibility of persons languishing in
jail, we added that

> (a) Murder of the first degree.—A criminal homicide constitutes
> murder of the first degree when it is committed by an intentional
> killing.
> (b) Murder of the second degree.—A criminal homicide consti-
> tutes murder of the second degree when it is committed while
> defendant was engaged as a principal or an accomplice in the
> perpetration of a felony.
> (c) Murder of the third degree.—All other kinds of murder shall
> be murder of the third degree. Murder of the third degree is a
> felony of the first degree.

The current Crimes Code also provides that a

> . . . person who has been convicted of a murder of the first
> degree shall be sentenced to death or to a term of life imprison-
> ment and a person who has been convicted of murder of the
> second degree shall be sentenced to a term of life imprisonment.
> 18 Pa.C.S.A. § 1102.

". . . if post-trial proceedings in a case of first degree murder are not disposed of and the defendant is not sentenced within the stated four-month period, he may then apply for bail. If the trial judge is convinced at that juncture that the defendant neither caused nor consented to the delay, and is provided reasonable assurance against flight, bail *may be* granted." (emphasis added) *Id.,* 451 Pa. at 517, 304 A.2d at 130.

Thus, *Fowler* restricted the discretion of the trial court in granting bail in first degree murder convictions, prohibiting bail in the first four months preceding conviction, and permitting the trial judge to grant bail in his discretion after the four months had elapsed.

Subsequent to our decision in *Fowler,* we codified its mandate in Pa.R.Crim.P. 4010 A(1). The rule adopted July 23, 1973, replaced former Rule 4004 and now provides:

(1) *Capital and Life Imprisonment Cases.* The defendant shall not be released on bail upon a finding of guilty of an offense which is punishable by death or life imprisonment. However, if post-verdict motions are not disposed of within a reasonable period of time thereafter, the judge may in his discretion allow bail.

Rule 4010 prevents the trial judge from immediately releasing on bail those defendants subject to life imprisonment or death sentences. A trial judge's discretion to grant bail vests only after an unreasonable delay in the disposition of post-verdict motions.

In conclusion, the majority correctly recognized that pursuant to *Fowler* and Rule 4010, a two-month delay between the verdict and the disposition of post-verdict motions was not sufficient to vest the trial judge with discretion to grant bail.

KAUFFMAN, J., joins in this opinion.

KAUFFMAN, Justice, concurring.

Prior to our decision in this case, the Commonwealth filed a petition to withdraw its appeal on the ground that it was moot. The majority denied the petition.

Pa.R.A.P. 1973 provides, in relevant part:

(a) General Rule. An appellant may discontinue an appeal or other matter as to all appellees as of course at any time prior to argument, or thereafter by leave of court upon application. . . .

I would grant the Commonwealth's unopposed petition. However, since the majority has denied the petition and considered the merits, I join in Mr. Justice Nix's concurring opinion.

ROBERTS, Justice, dissenting.

I must dissent. The Commonwealth, the appellant in this case, has filed a petition with this Court indicating that the issue presented by this appeal is now moot and requesting that the present appeal be withdrawn. See Pa.R.A.P. 1972(4), 1973. There is thus clearly no basis for this Court to express what is only an advisory opinion on the issue which was once presented by this case. Accordingly, I agree with Mr. Justice Kauffman that the majority is in error in failing to exercise the appropriate restraint and dismiss this appeal. Because the majority is unwilling, however, to refrain from expressing its views on the merits, I must also express my complete disagreement with those views.

As the majority acknowledges, this case is controlled by Rule of Criminal Procedure 4010(A)(1). This Rule, which was not in effect at the time of our plurality decision in *Commonwealth v. Fowler,* 451 Pa. 505, 304 A.2d 124 (1973), provides:

"The defendant shall not be released on bail upon a finding of guilty of an offense which is punishable by death or life imprisonment. However, if post-verdict motions are not disposed of within a reasonable period of time thereafter, the judge may in his discretion allow bail."

This Rule expressly and most clearly leaves the decision to grant bail to the sound judgment of the trial court. There is no indication in the text of this Rule that the trial judge must wait four months before he may exercise that judgment. Yet by a remarkable *ipse dixit* the majority today imposes just such a four month rule, prohibiting all trial judges from granting bail during that period of time. If our Rules of Criminal Procedure are to be so casually ignored, one may well wonder why we have procedural rules at all.

In any particular case the trial judge and not this Court is in the superior position to perceive when the disposition of post-verdict motions is being unduly delayed. In the absence of some showing that a trial judge has abused his discretion, I see no basis for this Court to substitute its own judgment as to whether delay in a given case has been unreasonable.

In this case the trial judge denied the defendant's first application for bail. Only on subsequent reapplication, when it appeared that post-verdict motions would not be decided for some time, did the trial court see fit to reinstate bail. The record plainly demonstrates that the trial judge soundly exercised discretion, and I would not disturb this ruling.