# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Glavin Ivy, | : |
| Petitioner | : |
| | : |
| v. | : No. 298 M.D. 2024 |
| | : SUBMITTED: February 3, 2026 |
| Commonwealth of Pennsylvania; | : |
| Pennsylvania Department of | : |
| Corrections; and Business | : |
| Manager of SCI-Forest, | : |
| Respondents | : |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                                     **FILED:  April 1, 2026**

Before the Court are preliminary objections filed by Respondents Commonwealth of Pennsylvania, Pennsylvania Department of Corrections, and Business Manager of SCI-Forest in response to an amended petition for review filed in our original jurisdiction by Glavin Ivy.  Ivy, an inmate incarcerated at SCI-Forest, seeks the return of $1,262.52, which Ivy alleges was improperly deducted from his inmate account.  For the reasons that follow, we sustain Respondents' preliminary objections and dismiss the amended petition for review.

Ivy avers the following in his amended petition for review.[1] In September 2023, the Business Manager of SCI-Forest received a $3,000 check in Ivy's name, which resolved a civil rights action Ivy filed against correctional officers in the United States District Court for the Middle District of Pennsylvania. The Department notified Ivy that, pursuant to Section 6608 of what is commonly referred to as the Prison Litigation Reform Act (PLRA),[2] it would deduct funds from Ivy's settlement to satisfy $8,955.70 in outstanding court costs, fines, and restitution Ivy owed to Mercer County for the criminal matter that led to his incarceration. Ivy filed a grievance to contest the deductions. He also sent an inmate request to SCI-Forest's Business Manager, requesting that the Department only deduct and pay $750 to Mercer County. Ivy requested a second deduction of $471.95 to pay filing fees he owed in a separate District Court matter. Ivy's October 2023 inmate account statement reflects that the requested deductions were made on October 11, 2023. On October 13, 2023, Ivy spent $514.99 at the commissary and withdrew his grievance, believing the matter had been resolved. The balance of Ivy's settlement, $1,262.52, was deducted on October 16, 2023, and paid to Mercer County.

---

[1] In ruling on preliminary objections, the Court must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). When ruling on a demurrer, the Court must confine its analysis to the petition for review, although the Court may consider documents attached as exhibits to the petition for review or referenced therein. *Page v. Rogers*, 324 A.3d 661, 671 (Pa. Cmwlth. 2024) [citing *Torres*, 997 A.2d at 1245; *Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541-42 (Pa. Cmwlth. 2021)]. We are not required to accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres*, 997 A.2d at 1245. Preliminary objections testing the legal sufficiency of a pleading will be sustained only where the pleading clearly fails to state a claim for which relief may be granted. *Id.*

[2] 42 Pa.C.S. §§ 6601-6608.

Ivy argues that Respondents lacked authority to deduct additional funds from his inmate account because Section 6608 only applies to monetary damages, not a private settlement agreement, and because the underlying claims were not brought, or disposed of, in state court.[3]  Alternatively, Ivy argues that Department Policy DC-ADM 005 limits any deduction from his settlement to 50% of the total received.  Finally, Ivy argues that Section 6608 unconstitutionally intrudes on the Supreme Court's rulemaking authority.  By way of relief, Ivy seeks a declaration that Respondents improperly deducted $1,262.52 from his inmate account, an order directing reimbursement of those funds, plus interest, and an injunction prohibiting Respondents from making any future deductions from his inmate account.

Respondents filed preliminary objections in the nature of a demurrer, asserting that the amended petition for review should be dismissed because (1) both Section 6608 and DC-ADM 005 require the deduction of funds from any settlement received by an inmate as a result of prison conditions litigation to satisfy the inmate's outstanding fines, costs, and restitution; (2) Section 6608 applies to settlements arising from litigation filed in federal and state courts; and (3) Section 6608 does not interfere with the Supreme Court's rulemaking authority.

Section 6608 of the PLRA relevantly states that

> [m]onetary damages awarded to a prisoner in connection
> with prison conditions litigation or paid in settlement of
> prison conditions litigation which is payable from funds
> appropriated by the General Assembly or by a political

---

[3] In his answer to Respondents' preliminary objections and in his brief, Ivy alleges that Section 6608 conflicts with Rule 229.1(c) of the Pennsylvania Rules of Civil Procedure and that the Department exceeded its authority when drafting DC-ADM 005.  The Court will not address these allegations further, as Ivy did not raise them in his amended petition for review. *See Page*, 324 A.3d at 671 n.18 (the Court will not address allegations not raised in the petition for review).

> subdivision or by an insurance policy purchased by the Commonwealth or a political subdivision shall first be used to satisfy any outstanding court orders requiring the prisoner to pay restitution, costs, bail, judgments, fines, fees, sanctions or other court-imposed amounts in connection with a criminal prosecution or sentence.

42 Pa.C.S. § 6608.

Ivy distinguishes the funds he received through the private settlement agreement from monetary damages "paid in settlement of prison conditions litigation" that are subject to deduction under Section 6608. *Id.* Ivy first notes that Section 6608 does not reference *private* settlement agreements, which are not granted or approved by a court. Furthermore, Section 6601 of the PLRA defines "relief" as "[r]elief in any form which may be granted or approved by a court" but "does not include a private settlement agreement." 42 Pa.C.S. § 6601. Thus, because monetary damages are a type of relief in the PLRA, monetary damages "paid in settlement of prison conditions litigation" do not encompass amounts paid pursuant to a private settlement agreement. Ivy also argues that, because the claims underlying his private settlement agreement were brought in federal court, any distribution of those funds is governed by the PLRA's federal counterpart, the Prison Litigation Reform Act of 1995.[4]

The Court rejects Ivy's interpretation of Section 6608. Although Ivy is correct that private settlement agreements are excluded from the definition of relief, Section 6608 does not speak to the distribution of relief, but to monetary damages awarded or paid in settlement of prison conditions. The term "monetary damages" is not included in the definition of "relief" or otherwise defined in the PLRA.

---

[4] P.L. 104-134, Title VIII, 110 Stat 1321 (1996).

Furthermore, Section 6608 does not distinguish between private and court-approved settlements. 42 Pa.C.S. § 6608. If the General Assembly wished to exclude private settlements from Section 6608's scope, it could have included language to that effect. It did not, however, and nothing in Section 6608, or any other provision of the PLRA, suggests that funds received by a prisoner under the terms of a private settlement agreement are exempt from the distribution scheme set forth in Section 6608.

Regarding the PLRA's federal counterpart, the definition of "prison conditions litigation" in the PLRA does not distinguish between civil actions brought in federal or state court. Relevant to the instant action, Section 6608 requires only that an inmate be paid monetary damages in settlement of prison conditions litigation, and that the monetary damages be payable from funds appropriated by the General Assembly. Ivy does not deny that the underlying civil action constituted prison conditions litigation and that his settlement was paid from funds appropriated by the General Assembly.

To the extent Ivy argues that Section 6608 conflicts with its federal counterpart, the Court disagrees. Ivy relies on a note to 18 U.S.C. § 3626 (Appropriate remedies with respect to prison conditions), which states that

> [a]ny compensatory damages awarded to a prisoner in connection with a civil action brought against any Federal, State, or local jail, prison, or correctional facility or against any official or agent of such jail, prison, or correctional facility, shall be paid directly to satisfy any outstanding restitution orders pending against the prisoner. The remainder of any such award after full payment of all pending restitution orders shall be forwarded to the prisoner.

5

18 U.S.C. § 3626 note (Payment of Damage Award in Satisfaction of Pending Restitution Orders). This provision does not prohibit further deductions once payment is forwarded to an inmate – it merely directs that, once an inmate's outstanding restitution orders have been satisfied, any remaining damages awarded to an inmate "shall be forwarded to the prisoner." *Id.* The Department met this latter requirement when it deposited Ivy's $3,000 check in his inmate account. Notably, Ivy acknowledges he spent $514.99 of the settlement proceeds before the remainder was deducted and paid to Mercer County.

Ivy's argument regarding the applicability of DC-ADM 005 must likewise fail, as it relies almost exclusively on his misinterpretation of Section 6608. According to Ivy, "[i]f Section 6608 does not apply to private settlement agreements," neither does DC-ADM 005. Ivy's Br. at 15.

The Court also rejects Ivy's argument that DC-ADM 005 caps the deductions that can be made under Section 6608. Section 3 of DC-ADM 005 generally establishes the procedures for collecting inmate debts. Section 3.E concerns the payment of a damages award or settlement to an inmate, and the distribution thereof. Adopting, in part, the language from Section 6608, Section 3.E.1 states

> [w]hen an inmate receives monetary damages or a settlement as a result of prison conditions litigation that [is] payable from funds appropriated by the General Assembly or an insurance policy purchased by the Commonwealth, the proceeds shall first be used to satisfy fines, costs, and restitution and any outstanding court[-]ordered debt related to the criminal act. When an award or settlement occurs, the Chief Counsel's Office will advise the Bureau of Administration. The Bureau of

6

> Administration will arrange to deduct the full amount owed from the proceeds.

Respondents' Br., Appendix A, DC-ADM 005 § 3.E.1.

The deduction caps referenced by Ivy relate to the collection of restitution, reparations, fees, costs, fines, and penalties under Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, commonly referred to as Act 84, not Section 6608 of the PLRA.[5] Although Ivy states in his amended petition for review that "the deductions were improper . . . under Act 84," he does not otherwise develop this argument. Amended Petition ¶ 13 n.1.

Finally, we address Ivy's argument that Section 6608 impermissibly intrudes on our Supreme Court's rulemaking authority. Although Ivy contends that Section 6608 is unconstitutional, both facially and as-applied, he does not draw a distinction between the two arguments. A law is facially unconstitutional "where no set of circumstances exist under which it would be valid." *Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1222 (Pa. 2009). An as-applied constitutional attack does not contend the law is unconstitutional as written but that its application to a particular person under particular circumstances deprives that person of a constitutional right. *Peake v. Commonwealth*, 132 A.3d 506, 517 (Pa. Cmwth. 2015) (citations omitted). As Ivy fails to advance an as-applied challenge to Section 6608's constitutionality, the Court will limit its discussion to whether Section 6608 is facially unconstitutional under article V, section 10(c) of the Pennsylvania Constitution, Pa. Const. art. V, § 10(c).

---

[5] *See* DC-ADM 005 § 3.F.1 (where an inmate owes money as described in this section, other than child support, the initial deduction from the inmate's account "shall occur as described in **Subsection A.2.e above**") (emphasis in original).

Article V, section 10(c) of the Pennsylvania Constitution vests our Supreme Court with the exclusive authority to prescribe general rules governing the practice, procedure, and conduct of Pennsylvania courts. Whether a statute interferes with the Supreme Court's rulemaking authority depends on whether the statute is procedural or substantive in nature. *Payne v. Dep't of Corr.*, 871 A.2d 795, 801 (Pa. 2005) [citing *Commonwealth v. Morris*, 771 A.2d 721, 737 (Pa. 2001)]. Substantive law is that which creates, defines and regulates rights; procedural law addresses the methods by which those rights are enforced. *Id.* The Supreme Court's rulemaking authority does not define new rights for litigants but "provide[s] the procedure by which established rights are to be effectuated." *Morris*, 771 A.2d at 737 [quoting *Commonwealth v. Fowler*, 304 A.2d 124, 127 (Pa. 1973)]. Generally, the courts will "suspend statutes only with great reluctance" and "where they have been inconsistent with [the Supreme Court's] procedural rules." *Payne*, 871 A.2d at 801.

Ivy argues that Section 6608 does not create, define, or regulate prisoners' rights. Instead, Ivy contends, Section 6608 impermissibly establishes the procedure by which a judgment obtained by an inmate is enforced.

The Court is not persuaded by Ivy's argument. Section 6608 does not dictate the procedure a court must follow when presiding over prison conditions litigation or direct the manner in which a court may enforce an award of monetary damages. Rather, Section 6608 defines an inmate's rights with respect to monetary damages awarded in prison conditions litigation, or paid in settlement thereto, when the inmate still owes "court-imposed amounts in connection with a criminal prosecution or sentence." 42 Pa.C.S. § 6608.

8

Ivy does not dispute that fines, costs, and fees remain outstanding in his underlying criminal case, or that he received $3,000 to settle prison conditions litigation. Ivy was notified prior to the deposit of his settlement check that funds would be deducted and paid towards his outstanding legal obligations in Mercer County. For the reasons set forth herein, we conclude that the Department properly deducted $1,262.52 from Ivy's inmate account. Accordingly, we sustain Respondents' preliminary objections and dismiss the amended petition for review.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glavin Ivy,                                    :
                          Petitioner           :
                                               :
             v.                                :    No. 298 M.D. 2024
                                               :
Commonwealth of Pennsylvania;                  :
Pennsylvania Department of                     :
Corrections; and Business                      :
Manager of SCI-Forest,                         :
                          Respondents          :

# **O R D E R**

AND NOW, this 1st day of April, 2026, the preliminary objections filed by Respondents Commonwealth of Pennsylvania, Pennsylvania Department of Corrections, and Business Manager of SCI-Forest are hereby SUSTAINED and the amended petition for review filed by Glavin Ivy is hereby DISMISSED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita