478 A.2d 1355

**COMMONWEALTH of Pennsylvania**

v.

**Mark HEISER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed July 20, 1984.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

BROSKY, Judge:

This is an appeal from the order denying appellant bail.[1] Appellant contends that the court below erred in denying bail because the Commonwealth failed to prove either of the alternate grounds that he had committed a capital offense or that he would not appear for trial regardless of the character or the amount of the bail. We find that the Commonwealth satisfied its burden of proof as to the former ground and, accordingly, affirm the order of the lower court.

On August 15, 1982, appellant was arrested and charged with criminal homicide in the death of one Paul Kulina. He was then remanded to Luzerne County Prison without bail.

On September 2, 1982, a preliminary hearing was held at which it was held that a prima facie case had been established. Appellant then petitioned the court below to estab-

---

1. Jurisdiction of this appeal is under Pa.R.A.P. 1762(a) which makes the instant order subject to review pursuant to Chapter 15 of the Rules of Appellate Procedure. See *Commonwealth v. Cabeza*, 489 Pa. 142, 145 n. 2, 413 A.2d 1054, 1055, n. 2 (1980). Although Pa.R.A.P. 1502 provides that the exclusive procedure for judicial review under that chapter is a petition for review, Pa.R.A.P. 1503 states that an improvidently filed appeal shall not be dismissed, but regarded and acted upon as a petition for review.

lish bail. After a hearing, this petition was denied. This appeal followed.

Appellant contends that at the bail hearing the Commonwealth failed to establish either of the two alternative grounds for denial of bail. He first argues that the Commonwealth did not prove that he had committed a capital offense. Appellant correctly states the law that:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great....

42 Pa.C.S.A. § 5701; see Pa. Const. Art. I, § 14.

■ A capital offense within this section is a crime for which the death penalty may be imposed. *Commonwealth v. Caye*, 447 Pa. 213, 290 A.2d 244 (1972). Only murder in the first degree is so punishable. *Id.*, see 18 Pa.C.S.A. § 2502(a), 42 Pa.C.S.A. § 9711.[2]

■ At a bail hearing, the Commonwealth bears the burden of proof. *Commonwealth v. Truesdale*, 449 Pa. 325, 296 A.2d 829 (1972). It can satisfy its burden to prove that a defendant is not entitled to bail by establishing a prima facie case of murder in the first degree.[3] *Commonwealth*

**2.** § 9711 governs the sentencing procedure for murder of the first degree and provides in subsection (c)(1)(iv) that:

> the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance specified in subsection (d) and no mitigating circumstance or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances. The verdict must be a sentence of life imprisonment in all other cases.

The death penalty provisions were found to be valid under both the federal and state constitutions in *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982).

**3.** We caution that this statement should be considered limited to the facts of this case. It is arguable that, since murder of the first degree now can only result in a death penalty when certain enumerated aggravating circumstances are found (which must outweigh any mitigating circumstances also found), the Commonwealth must also make a prima facie showing of the existence of one of these aggravating circumstances in order for bail to be denied on the basis of the crime charged being a capital offense. See *Commonwealth ex rel. Fitzpatrick v. Bullock*, 471 Pa. 292, 299 n. 4, 370 A.2d 309, 312 n. 4 (1977); *Commonwealth v. Madison*, 11 Pa. D & C 3d 161 (C.P. Lawrence Co.

*v. Farris,* 443 Pa. 251, 278 A.2d 906 (1971); *Cf. Commonwealth ex rel. Alberti v. Boyle,* 412 Pa. 398, 195 A.2d 97 (1963).

▮ Instantly, the Commonwealth, at the bail hearing, presented one Joseph Catrone who testified that on August 14, 1982, he was a passenger in a car driven by appellant. He further stated that Paul Kulina came over to the car on the passenger's side and, completely unprovoked, appellant reached across Catrone and shot Kulina in the head. Appellant then pulled away, went off the main road, broke the gun and threw it away. Then, he took the car to a car wash to remove the blood from the right front door.

Appellant contends that based on this evidence the Commonwealth failed to meet its burden of proof because there was no evidence offered that appellant killed the victim with malice aforethought or with premeditation. However, we note that

> It is well settled that "the use of a *gun* on a vital part of the deceased's body *raises the presumption* that the defendant shot with the intent to kill the deceased." *Commonwealth v. Ewing,* 439 Pa. 88, 92, 264 A.2d 661, 663 (1970) (emphasis in original). Accord, *Commonwealth v. Robinson,* 468 Pa. 575, 582–83, 364 A.2d 665, 669 (1976). It is equally well-settled that the period of premeditation necessary to form the specific intent to kill may be very brief. *Commonwealth v. Robinson, supra.*

*Commonwealth v. Thornton,* 494 Pa. 260, 267, 431 A.2d 248, 252 (1981). Furthermore, the evidence that appellant shot across Catrone constituted a prima facie showing of an aggravating circumstance under 42 Pa.C.S.A. 9711(d)(7).[4]

1979); see generally, *Commonwealth v. Truesdale,* supra. However, as discussed *infra,* we need not decide this question, since we find that the Commonwealth, in fact, did show the existence of an aggravating circumstance.

**4.** 42 Pa.C.S.A. 9711(d)(7) establishes the following as an aggravating circumstance:

> In the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense.

74

Thus, we find that the Commonwealth did establish a prima facie showing of murder in the first degree and the existence of an aggravating circumstance. Therefore, we conclude that the lower court did not err in denying appellant's petition for bail.[5]

Accordingly, the order of the lower court is affirmed.[6]

**5.** Since the Commonwealth did make a prima facie showing of the existence of an aggravating circumstance, we need not determine whether our conclusion would have differed had this showing not been made.

**6.** Given our disposition of the lower court's decision under 42 Pa.C. S.A. § 5701, we need not discuss appellant's contention that the court below erred in determining that bail could be denied because it concluded that he would not appear for trial, see *Commonwealth v. Truesdale, supra.*