## Commonwealth v. Scarfo

*Robert Simone, Esq.*, for Nicodemo Scarfo.
*David Chesnoff, Esq.*, for Salvatore Scafidi.
*Jude Conroy, Esq.*, for Francis Iannerella.
*Robert E. Madden, Esq.*, for Philip Leonetti.
*Stephen R. Lacheen, Esq.*, for Joseph Pungitore.
*Joseph Santaguida, Esq.*, for Salvatore Grande.
*Edwin J. Jacobs, Esq.*, for Salvatore Merlino.
*Edward Reif, Esq.*, for Joseph Grande.

DURHAM, *J.,* May 28, 1987 — Before the court are the Commonwealth's petitions to revoke bail as to defendants, Leonetti, Iannerella, Scafidi, Pungitore and Joseph Grande, and petitions to set bail filed by defendants, Scarfo, Salvatore Grande and Salvatore Merlino. Following a preliminary hearing held on May 13, 1987, and May 14, 1987, before the Hon. Alan K. Silberstein, all defendants were held for court on charges of murder, conspiracy and possession of an instrument of crime in connection with the death of Salvatore Testa. Over the Commonwealth's objection, Judge Silberstein set bail in varying amounts as to five of the defend-

ants and the other three were ordered held without bail.

The issue before the court is whether any of these defendants is entitled to bail pending trial.

Article 1, §14 of the Constitution of Pennsylvania and 42 Pa.C.S. §5701 provide that "All prisoners shall be bailable by sufficient sureties, *unless for capital offenses when proof is evident or presumption great.* (Emphasis supplied.) The Commonwealth contends that in order to meet the definition of a capital offense for the purpose of holding a defendant without bail it must only establish a prima facie case of first-degree murder. Defendants relying on Com. v. Heiser, 350 Pa. Super 70, 478 A.2d 1355 (1984), contend that in order that a defendant be held without bail the Commonwealth must not only establish a prima facie case of murder in the first degree but must also make a prima facie showing of the existence of at least one of the statutorily enumerated aggravating circumstances permitting imposition of the death penalty pursuant to 42 Pa.C.S. 9711. In further argument the Commonwealth contends that, although not required to do so, it did in fact make a prima facie showing of the existence of one of the aggravating circumstances, 42 Pa.C.S. 9711(d)(2),* at the preliminary hearing.

Since, for the purpose of these proceedings, defendants do not dispute Judge Silberstein's finding that a prima facie case of first-degree murder was established as to all defendants at the preliminary hearing, this court shall only attempt to resolve the

---

*42 Pa.C.S. §9711(d) (2):

"The defendant paid or was paid by another person or had contracted to pay or be paid by another person or had conspired to pay or be paid by another person for the killing of the victim."

issue of whether or not the Commonwealth must also establish, at a prima facie level, the existence of an aggravating circumstance in order to meet the definition of a nonbailable capital offense.

The only appellate decision to address the issue, Commonwealth v. Heiser, supra, cited both by the Commonwealth and defendants in support of their respective petitions, leaves the question unresolved. In Heiser, the Superior Court upheld the denial of bail where the Commonwealth had established both a prima facie case of murder in the first degree and a prima facie showing of an aggravating circumstance. In so holding, however, the court left open the question as to whether, absent a prima facie showing of an aggravating circumstance, a defendant could be held without bail, stating:

"We caution that this statement should be considered limited to the facts of this case. It is arguable that, since murder of the first degree now can only result in a death penalty when certain enumerated aggravating circumstances are found (which must outweigh any mitigating circumstances also found), the Commonwealth must also make a prima facie showing of the existence of one of these aggravating circumstances in order for bail to be denied on the basis of the crime charged being a capital offense. See Commonwealth ex rel Fitzpatrick v. Bullock, 471 Pa. 292, 370 A2d 309, 312 n.4 (1977); Com. v. Madison, 11 D. & C. 3d 161 (1979) see generally, Commonwealth v. Truesdale, supra. However, as discussed infra, we need not decide this question, since we find that the Commonwealth, in fact, did show the existence of an aggravating circumstance. 478 A2d 1356, fn.3.

"Since the Commonwealth did make a prima facie showing of the existence of an aggravating circumstance, we need not determine whether our

conclusion would have differed had this showing not been made." 478 A.2d 1357, fn.5

This court is of the opinion that logic mandates that the Commonwealth make a prima facie showing of an aggravating circumstance in order that a defendant be held without bail for a capital offense. A capital offense is one for which the death penalty may, but need not, be imposed. Commonwealth v. Truesdale, 449 Pa. 325, 296 A.2d 829 (1972). Since the death penalty may be imposed only where an aggravating circumstance exists, it is incumbent upon the Commonwealth to establish prima facially the existence of an aggravating circumstance. See Commonwealth ex rel Fitzpatrick v. Bullock, 310 A.2d 309, 312, fn4 (1977).

In the instant case, based upon a review of the notes of testimony of the preliminary hearing this court finds that the Commonwealth did establish such a prima facie case of the aggravating circumstance set forth in 42 Pa.C.S. §9711(d)(2).

At oral argument before this court it was alleged that the aggravating circumstance specified in section 9711(d)(2) was inapplicable to the instant case since the Commonwealth failed to prove that money had actually changed hands in connection with the killing. At this juncture, we decline the invitation to engage in an interpretation of the statute in question, as such a determination would usurp the statutory function of the jury from considering the penalty. Commonwealth ex rel, Fitzpatrick v. Bullock, supra.

Wherefore, having found that the Commonwealth has established a prima facie case of a capital offense as to all defendants, the Commonwealth's petition to revoke bail as to defendants Philip Leonetti, Frank Ianerella, Salvatore Scafidi, Joseph Pungitore, and Joseph Grande is granted and the

petitions to set bail for defendants, Nicodemo Scarfo, Salvatore Merlino and Salvatore Grande are denied.