J. S53044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                            v.                :
                                             :
ROBERT KANE,                   :         No. 803 EDA 2016
                                           :
                    Appellant      :


Appeal from the Order, February 12, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006611-2015


BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 25, 2017**

Robert Kane appeals the February 12, 2016 order of the Court of Common Pleas of Philadelphia County that granted the Commonwealth's motion to revoke appellant's bail.

The trial court provided the following factual and procedural history:

> Appellant . . . appeals this Court's judgment regarding the revocation of his bail in connection with his charges for Rape by Forcible Compulsion, 18 Pa.C.S.A. § 3121(a)(1), Involuntary Deviate Sexual Intercourse (IDSI) by Forcible Compulsion, 18 Pa.C.S.A. § 3123(a)(1), Aggravated Indecent Assault Without Consent, 18 Pa.C.S.A. § 3125(a)(1), Unlawful Contact with a Minor – Sexual Offenses, 18 Pa.C.S.A. § 6318(a)(1), Endangering Welfare of Children, 18 Pa.C.S.A. § 4304(a)(1), Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(i), Indecent Assault Person Less than 13 Years of Age, 18 Pa.C.S.A. § 3126(a)(7), Indecent Exposure, 18 Pa.C.S.A. § 3127(a), and Simple Assault – Victim

under 12, Defendant 18 or Older, 18 Pa.C.S.A. § 2701(b)(2). . . . .

**PROCEDURAL HISTORY**

. . . . On June 29, 2015, the Honorable Judge James Lynn raised [a]ppellant's bail to $800,000. On February 12, 2016, this Court granted the Commonwealth's motion to revoke [a]ppellant's bail. Appellant filed a timely notice of appeal on March 14, 2016. On March 16, 2016, this Court ordered [a]ppellant pursuant to Pa.R.A.P. 1925(b) to file with the Court a Concise Statement of Matters Complained of on Appeal. On April 4, 2016, [a]ppellant filed a Statement of Errors Complained of on Appeal. . . .

. . . .

**FACTS**

On June 29, 2015, the Honorable Judge James Lynn raised [a]ppellant's bail to $800,000 at a preliminary hearing. The Commonwealth provides allegations that include that [a]ppellant first sexually abused Complainant when she was six years old and continued until she turned ten. [Appellant] orally, vaginally and anally raped her. Appellant put his mouth on Complainant's vagina, put his fingers inside her vagina, forced her to perform oral sex on him and put his penis in her anus. He also would touch her breasts and show her a picture of a naked female teenager he claimed was her older sister. At the preliminary hearing, Complainant, now an eleven-year-old girl, testified in detail to the abuse she incurred from [a]ppellant. Additionally, other family members, specifically Complainant's cousin, reported inappropriate sexual comments directed at her from [a]ppellant. Once the assigned detective went to [a]ppellant's home, he encountered [a]ppellant and children present in their house in their underwear. On February 12, 2016, this Court heard the Commonwealth's motion to revoke bail. Appellant argued that he has no prior record and

requested house arrest and GPS. The Commonwealth asserted that because the charged crimes are alleged to have happened in the home, there is no way that electric monitoring would be able to resolve the issue of safety. This Court subsequently granted the Commonwealth's motion to revoke [a]ppellant's bail.

Trial court opinion, 12/21/16 at 1-3 (citations to record omitted).

Before this court, appellant raises the following issue for our review: "Did the [trial] court err in revoking appellant's bail without any evidence that appellant was a danger to society pursuant to Article I Section 14 of the Pennsylvania Constitution, except for the present charge?" (Appellant's brief at 3 (capitalization omitted).)

On January 4, 2017, this court issued an order that directed appellant to show cause within ten days of the date of the order why his appeal should not be quashed as interlocutory. On January 17, 2017, appellant responded and stated that he had not appealed a final order but had appealed a bail revocation which should be treated as a petition for review of a decision of a governmental unit under Chapter 15 of the Pennsylvania Rules of Appellate Procedure and should not be quashed.

An order relating to bail is subject to review pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1762(b)(2); ***Commonwealth v. Heiser***, 330 Pa.Super. 70, 478 A.2d 1355, 1356 n.1 (1984). If an appeal is taken improvidently from an order of a government unit, the papers related to that appeal shall be regarded and acted upon as a petition for review. Pa.R.A.P. 1503. Any court of the unified judicial system of the Commonwealth is considered a "government unit." Pa.R.A.P. 102.

***Commonwealth v. Jones***, 899 A.2d 353, 354 n.1 (Pa.Super. 2006).

As in ***Jones***, appellant filed a notice of appeal from an order regarding his bail, here the revocation of bail.  We will regard the appeal as a petition for review pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

Appellant contends that the trial court erred when it revoked his bail because there was no evidence that he posed a danger to society other than the current charges.

This court's standard of review in bail cases is whether the trial court abused its discretion.  This court will only reverse if the trial court did not properly apply the law, the judgment rendered is manifestly unreasonable, or the decision is the result of partiality, bias, or ill will.  ***Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa.Super. 2003).

Article 1, Section 14 of the Pennsylvania Constitution provides:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great; and the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it.

Pa.Const. Art. 1 § 14.

First, appellant asserts that the trial court abused its discretion when it granted the Commonwealth's motion after the Commonwealth's attorney incorrectly stated that appellant was still living in the home of the alleged victim, his stepdaughter. Appellant asserts that he was living with his mother. However, when a detective visited appellant's home, he found appellant and several children present in their underwear. (Commonwealth's "Motion to Revoke Bail under Seection [sic] 14 of Article I of the Pennsylvania Constitution," 2/11/16 at 2, ¶4.) The trial court reasoned that house arrest or a GPS device would not assure the safety of any individual who set foot in appellant's home. (Trial court opinion, 12/21/16 at 4.) That would be true whether appellant was living at his residence or with his mother. On this point, this court finds no abuse of discretion.

Similarly, appellant asserts that the trial court abused its discretion when it revoked bail. Appellant argues that because he has no prior record, there is no independent evidence of abuse other than the victim's testimony, and he could be placed under house arrest at his mother's residence, there was no need to revoke bail.

In its opinion, the trial court explained:

> So in addition to the safety of Complainant, the safety of society was properly considered in this Court's decision.
>
> Additionally, this Court considered the strength of the Commonwealth's case and prior bail increase

of [a]ppellant. The Commonwealth provided a wealth of evidence at the preliminary hearing by way of Complainant's testimony. Complainant was able to provide a detailed description of the abuse that occurred. Following this evidence, Judge Lynn raised [a]ppellant's bail to $800,000. The nature and seriousness of the offense and the strength of the case against [a]ppellant raises a flight risk concern. Although [a]ppellant had no prior record, there was sufficient evidence to deem [a]ppellant as a danger to society. Therefore, since there is no combination of circumstances which could protect the community and guarantee [a]ppellant's appearance at trial, this Court was proper when it granted the Commonwealth's motion to revoke bail.

*Id.* at 4.

Based on this reasoning, this court finds that the trial court did not abuse its discretion when it granted the motion to revoke bail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017